## In re BENNETT.

## COLLINS v. JOHNSON (two cases).

(Circuit Court of Appeals, Seventh Circuit.   November 29, 1922.)

Nos. 3095, 3111.

1. Bankruptcy ⬥288(1)—Court cannot dispose of controverted issues in summary proceedings over objections.

The bankruptcy court has no authority to dispose in summary proceedings of controverted issues as to the ownership of stock in a corporation between the trustee in bankruptcy and a third party, against the objection of the third party.

2. Bankruptcy ⬥293(4)—Parties can consent to disposition of controverted issues in bankruptcy proceedings.

The bankruptcy court has jurisdiction to determine controversies, either in summary or in plenary proceedings, where the advere party either invokes the jurisdiction or consents to a trial of the disputed issues in such proceedings, and that procedure is favored as leading to more speedy administration of the estates.

3. Bankruptcy ⬥288(1)—Petition for leave to sue trustee is not consent to determination of issues in summary proceedings.

A petition for leave to make the trustee in bankruptcy a party to a suit in the state court to determine controverted issues as to the ownership of corporate stock is not a consent that the bankruptcy court shall determine that issue in summary proceedings.

4. Bankruptcy ⬥212—Court can adjudicate claims to property in its possession.

A bankruptcy court in the administration of an estate may protect property in its custody and adjudicate claims against it, when the property has lawfully come into the possession of the trustee.

5. Bankruptcy ⬥285, 288(1)—Corporate stock, whose ownership was disputed, held not within possession of trustee, so as to warrant summary proceeding; claimant held entitled to leave to sue trustee.

Where an adverse claimant of corporate stock alleged that he had purchased an interest therein from the bankrupt prior to bankruptcy, and had received a certificate therefor from the corporation, but that subsequently the corporation fraudulently issued to the bankrupt other certificates of stock in excess of its total capitalization and in fraud of claimant's rights, the controversy was not over property in the possession of the bankrupt, and it cannot be determined in a summary proceeding in the bankruptcy court over the claimant's objection, so that claimant should be given leave to make the party a trustee to his suit against the corporation respecting such stock.

Petition to Review and Revise Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of David A. Bennett, bankrupt.   An order of the referee denying the petition of Karrick P. Collins for leave to make Elwyn H. Johnson, trustee in bankruptcy, party to a suit in the state court, and restraining the petitioner from prosecuting the suit in the state court, was affirmed by the District Court, and the petitioner appeals and petitions to revise.   Petition to revise granted, with directions.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Irving A. Fish, of Milwaukee, Wis., for petitioner and appellant.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The sole question for determination is one of jurisdiction. Did the bankruptcy court, through its referee, have jurisdiction to dispose of this controversy, in a summary proceeding?

Collins commenced suit in the Supreme Court of New York against the Delphi Products Company, Inc., and Johnson, as trustee, to settle a controversy over an interest in the Delphi Products Co. Appellant petitioned the referee for leave to make the trustee a party to the New York suit. The trustee thereupon petitioned the referee for an order restraining appellant from prosecuting his suit in the New York state court. Appellant appeared and objected to the jurisdiction of the referee to hear the latter petition. The objection was overruled and a restraining order entered which was affirmed by the District Court. The matter reaches this court both by appeal and by petition to review and revise. The trustee in bankruptcy has defaulted.

[1] We think the case comes within the holdings of the long list of cases that deny to the bankruptcy court authority to dispose of controverted issues of this character in a summary proceeding against the objection of the adverse party. Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; First Nat. Bank v. Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051.

[2] But two possible reasons can be suggested why this rule should not be invoked. It may have been contended that Collins' petition for lease to sue the trustee and to require him to appear in the New York court conferred jurisdiction on the bankruptcy court to dispose of the merits of this controversy. We have consistently upheld the jurisdiction of the bankruptcy court to determine controversies, either in summary or in plenary proceedings, where the adverse party either invokes the jurisdiction or consents to a trial of the disputed issues in such a proceeding. Operators' Piano Co. v. First Wisconsin Trust Co. (C. C. A.) 283 Fed. 904. And we may add that we think greater business efficiency and a more speedy administration of estates, together with greater uniformity in rulings, would be attained if all such controversies could, regardless of the objection of the adverse party, be determined in the bankruptcy court; the court having jurisdiction to administer the bankrupt estate. But such an end can only be secured by legislation. We must construe the law as it stands.

Under the law as it exists, Collins had the right to litigate this question either in the state court or before the referee in bankruptcy. Against his objection, it could not be determined in a summary proceeding by the referee.

[3] The petition referred to cannot be construed in any way as a consent. Rather was it an expression of Collins' objection to disposition by the referee. Collins was merely in court for the purpose of

securing permission to sue the trustee in the state court, and it would be most unjustifiable and illogical to construe this petition as an expression of his willingness to submit the controversy to the referee in bankruptcy.

[4] Nor can it be said that the jurisdiction of the referee to determine this issue may be founded upon the possession of the property by the trustee, the only other possible basis for the court's determination. Of course, the bankruptcy court in the administration of an estate may protect property in its custody and adjudicate claims against it when the property has lawfully come into the possession of the trustee. Murphy v. Hoffman, 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327; Franzen v. Chicago, Milwaukee & St. Paul Ry. Co. (C. C. A.) 278 Fed. 370.

[5] But the present is not such a case. The controversy, as we understand it, is not between Collins and the trustee to secure the physical possession of the certificate of stock. The certificate of stock is but a muniment of title. Appellant charges that he purchased bankrupt's interest (being one-half) in the Delphi Products Company, Inc. This was before any adjudication in bankruptcy. He further charges that the Delphi Products Company recognized such transfer of interest and issued him the proper certificates of stock therefor. Subsequently, so it is alleged, the corporation fraudulently issued to the bankrupt other certificates of stock in excess of its total capitalization and in fraud of appellant's rights.

Appellant brought suit in the New York state court to litigate the issue between the parties—between himself as plaintiff and the corporation and trustee, as defendants—to determine the validity of the transfer of bankrupt's interest in the company to himself. Under these circumstances, it is apparent that the controversy is not over the property in the possession of the bankrupt, and it cannot be determined against appellant's objection in a summary proceeding in the bankruptcy court. We see no valid reason why the petition of appellant for leave to sue the trustee should not be granted.

The petition to review and revise is granted, and with directions to enter an order in accord with these views, and to grant appellant, the petitioner in the court below, leave to sue the trustee in the New York state court.