---

## In re DYER et al.

(District Court, D. New Jersey. November 14, 1924.)

1. **Bankruptcy ☞285—Persons desiring to make trustee party to mortgage foreclosure proceedings must obtain permission.**

Parties desiring to make trustee in bankruptcy party to mortgage foreclosure proceedings against property in hands of trustee must first obtain permission of court or referee.

2. **Bankruptcy ☞262(3)—Facts held to justify order for sale of mortgaged property free from incumbrances.**

Facts concerning execution and assignment of mortgage on property in hands of trustees in bankruptcy, foreclosure of which was sought by assignee, held such as to require thorough investigation by trustees and justifying direction for sale of property by trustees, free and clear of all incumbrances, with provision for determination of conflicting claims to proceeds.

3. **Bankruptcy ☞262(3)—Ordering of sales, free and clear of property in hands of trustees, is matter in sound discretion of court or referee.**

Ordering of sales, free and clear of property in hands of trustees, is matter of sound discretion of court or referee, depending on circumstances of each case.

In Bankruptcy. In the matter of Fred Monroe Dyer and in the matter of Frances S. Dyer. On petition to review order of referee directing sale free and clear of mortgaged property in hands of trustees. Petition dismissed, and order affirmed.

The following is the opinion of Referee Beach:

"An involuntary petition in bankruptcy was filed against Fred Monroe Dyer on the 6th day of March, 1923, and on said date Joseph P. Egan was duly appointed receiver. Thereafter, on the 13th day of June, 1923, said Fred Monroe Dyer was duly adjudged a bankrupt, and on the 31st day of October, 1923, Joseph P. Egan was duly elected trustee.

"An involuntary petition in bankruptcy was filed against Frances S. Dyer on the 23d day of June, 1923, and on said date Joseph P. Egan and Joseph M. Davis were duly appointed receivers. Thereafter, on the 1st day of October, 1923, said Frances S. Dyer was duly adjudged a bankrupt, and on the 31st day of October, 1923, Joseph M. Davis was duly elected trustee.

"Fred Monroe Dyer is the husband of Frances S. Dyer. Immediately after the filing of the petitions and the appointment of receivers in both cases the receivers took possession of all of the tangible, real, and personal property of the said bankrupts. Part of the real property consisted of certain tracts of land in the borough of Norwood, Bergen county, N. J. The record title to part of the real estate is in the name of Fred Monroe Dyer and part in the name of Frances S. Dyer, and all of said property is subject to certain mortgages. The particular mortgage involved in this appeal amounts to the sum of $157,000, and was given by Frances S. Dyer and Fred Monroe Dyer to the Holt Power Light Company, which mortgage was dated the 8th day of June, 1922, and was duly recorded on the 15th day of December, 1922. It is alleged and not denied that this mortgage was given by Frances S. Dyer to secure a debt of her husband, Fred Monroe Dyer, and at the time of the making of said mortgage that she was indebted to other persons as appears from the claims now on file in this court. It further appears that both the Holt Power Light Company, the mortgagee, and the Hudson Trust Company had full knowledge of the bankruptcy and other conditions surrounding said mortgage on the 12th day of April, 1924, when the Holt Power Light Company assigned the mortgage to the Hudson Trust Company. It further appears from the mortgage which was produced that the rate of interest is fixed at 8 per cent. It further appears that on the 30th day of July, 1924, the said Hudson Trust Company filed a bill in the court of chancery of this state to foreclose the assigned mortgage, and,

prior to the instituting of said foreclosure proceedings, obtained no permission from this court to make the trustees a party to said proceeding. Thereafter, on or about the 16th day of October, 1924, the trustees in these two matters filed petitions praying, among other things:

"First, that the foreclosure proceedings instituted by the Hudson Trust Company be enjoined.

"Second, that the premises described in said petition be sold free, clear, and discharged of the lien of the mortgage, the lien, if any, to attach to the proceeds; the contention being made that said mortgage is invalid as against the trustees.

"Third, that the Hudson Trust Company answer the said petition, and that the court proceed to hear and determine the validity of the said mortgage and what amount, if any, is due thereon and for certain other relief. Orders to show cause on both of these petitions were duly made, and the respective parties served, and on the return day the Hudson Trust Company appeared specially denying the necessity of obtaining permission to institute the proceedings, and insisting that any defenses that the trustees have could be properly heard in the Chancery Court. It is alleged and not denied that all of the real estate of both bankrupts has at all times, since the bankruptcy, been in the actual care and custody of the trustees. The said trustees have had the expense of paying a caretaker to preserve the property, have paid necessary insurance bills, and have in every other way possible exercised control and jurisdiction over the property.

[1] "It has been the practice for many years for persons who desire to make the trustee a party to a foreclosure proceeding to first obtain permission from the court or the referee. The Hudson Trust Company questions the necessity of obtaining this permission, and cites the case of In re Smith (D. C.) 121 F. 1014. The trustees meet this contention by an extended argument and a citation of the case of Lloyd v. Ball (D. C.) 77 F. 365, 371. In re Kellogg, 121 F. 333, 57 C. C. A. 547, In re Schmidt (D. C.) 224 F. 814, and several other cases. I am not willing, merely on the strength of the Smith Case, to revise and reverse a practice which has been in such satisfactory use so many years, and therefore, on the question of whether or not it is necessary to obtain permission to make the trustee a party to a foreclosure proceeding, I shall find in favor of the trustee that permission is necessary.

[2, 3] "Now as to the question of the va-lidity of the mortgage and the right of the trustees to sell free and clear: The courts and the referees have been exercising this right for a very considerable length of time, and there are many cases touching this subject. Particular reference is made to the case of In re Franklin Brewing Co., 249 F. 333, 161 C. C. A. 341. Of course, where there is no substantial equity for the general creditors if the mortgage is held valid, and where the alleged irregularities in the mortgage are not satisfactorily shown, frequently the court will decline to order a sale free and clear. It seems to me, however, that the facts in this case are such that the court should take jurisdiction. In the first place, this mortgage was made by Frances S. Dyer for the benefit of her husband, and at a time when she was largely indebted to third persons; secondly, the rate of interest as stated in the mortgage is fixed at 8 per cent.; thirdly, the fact that the present holder of the mortgage takes an assignment of the same and admits in open court an indebtedness to it of notes of approximately $50,000, at a time when the present holder knew the conditions of the estates of the two bankrupts and was aware of the fact of unpaid interest on the mortgage and of unpaid taxes on the real estate. These facts, in my opinion, are sufficient to warrant, in fact it is the duty of the two trustees to make, a thorough investigation into all the circumstances in connection with this mortgage, and the best and cheapest way for all concerned is to have the mortgaged property reduced to cash and the litigation involve the cash. Results can be arrived at much more speedily and at less expense in the bankruptcy court than to let the foreclosure proceedings continue and compel the trustees to become parties to that litigation. The ordering of sales free and clear by either the court or referee is a matter of sound discretion, depending on all the circumstances of each case. In the present case I think the referee should use his discretion and order such a sale.

"This order will be that a permanent injunction be issued enjoining the Hudson Trust Company from further proceeding with its foreclosure, and that the respective trustees, after proper advertising and notice to all parties, proceed to sell the mortgaged premises free and clear of the lien of the mortgage herein referred to, the lien, if any, to attach to the proceeds, the said Hudson Trust Company to file whatever answer they may desire in the premises to the end that the matter may be heard and determined.

"These findings were prepared at the time

the order was made, but they cover sufficiently all the facts."

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., for Joseph M. Davis, trustee in bankruptcy.

Lionel P. Kristeller, of New York City, for Hudson Trust Co.

BODINE, District Judge. A petition having been filed by Hudson Trust Company to review an order made in the above-entitled matter by the Honorable George R. Beach, referee in bankruptcy, on December 13, 1924, directing that certain property in said order described be sold by the trustee in bankruptcy free and clear of certain liens, and restraining a suit instituted in the Court of Chancery of New Jersey by Hudson Trust Company to foreclose a certain mortgage covering certain of the said premises, and the said referee having certified the questions presented, the said order and his findings and reasons, and no evidence having been taken, and the matter having come on to be heard in the presence of Lionel P. Kristeller, attorney for the said Hudson Trust Company, Thomas G. Haight, attorney for Joseph M. Davis, trustee in bankruptcy of the said Frances S. Dyer, Frederic W. Smith, attorney for Holt Power Light Company, and Herbert J. Hannoch, attorney for Joseph P. Egan, trustee in bankruptcy of F. Monroe Dyer, and the court having considered the arguments of counsel, it is, on this 2d day of February, 1925, ordered that the said petition be dismissed, and that the said order of the referee be, and the same is hereby, affirmed.