## In re JOHN CONDON CONTRACTING Co., Inc.
### No. 21535.

District Court, E. D. New York.
Dec. 19, 1932.

For former opinion, see 1 F. Supp. 447.

Joseph A. Murphy, of Albany, N. Y. (Robert H. Wilson, of Brooklyn, N. Y., of counsel), for petitioner.

Julius Silver, of New York City, for trustee.

BYERS, District Judge.

Reargument has been sought of the motion heard on September 30, 1932, for leave to make the trustee in bankruptcy a defendant in an action brought by Croissant to foreclose a lien filed by him against funds held by the comptroller of the state of New York, under a certain road building contract which has long since been performed.

The basis of the application is that this court, having granted the alternative relief sought, conditionally, has rendered it possible for the trustee to assert, in a new action to foreclose, that certain of the defendants in the first action have lost their status as lienors, because they appeared and answered therein, but did not also cause their liens to be extended by court order, as contemplated by section 18 of the Lien Law of the state of New York (Consol. Laws N. Y. c. 33).

The trustee contends that such inaction by those subcontractors necessarily inures to the benefit of the general creditors, and that it is his duty to resist this attempted reargument, which has for its object the continuation of the first action, in Kings county (change of venue being consented to), rather than the commencement of a new foreclosure of the said lien, in order to avoid injustice to such subcontractors.

It is urged, further, that the court should regard the suit brought by Croissant as a nullity, because it was instituted in violation of an order of this court, granted on or about December 31, 1931, restraining the commencement of any action by or in behalf of any lienor to foreclose any lien arising under that contract for a public improvement, or the commencement of any action directed against the fund held by the state of New York, which order has at all times remained in full force and effect.

Strictly speaking, proper practice would have required the making of a motion to vacate that stay, before the Croissant action was brought. The attorney for the plaintiff in that action avers upon this application, that neither he nor the plaintiff had actual knowledge of the pendency of the present bankruptcy proceedings at the time of the institution of the foreclosure in question; and that no copy of the said order was filed, nor was it indexed in the office of the state comptroller where search was made prior to March 3, 1932, when the action was started. That statement is relied upon.

Had such an application been made, however, there can be little doubt that it would have been granted. In re Grissler (C. C. A. 1905) 136 F. 754.

Perhaps even the application to make the trustee a party to the present suit might be denied because unnecessary. In re Smith (D. C. 1903) 121 F. 1014.

These cases were not considered on the original application, and have now been submitted.

If the original motion were to be denied for the reason stated in the Smith Case, the trustee would be forced to defend the Croissant case in Albany county, which, for reasons previously stated, would not be practicable.

As Croissant is now willing to prosecute the foreclosure of his lien in a forum which is convenient to the trustee, namely, Kings county, as appears from the pending petition for reargument, and, because of the manifest injustice which otherwise would be done to the subcontractors who filed answer in that suit but did not continue their liens by court order, it will be perceived that the common interest of lienors and general creditors will

be served by granting the motion for reargument; and, upon such, by modifying the decision heretofore announced so as to grant the original application to join the trustee as a defendant in the Croissant suit, upon the terms and conditions stated in the opinion heretofore filed herein. 1 F. Supp. 447.

Settle order in accordance herewith, upon five days' notice to the trustee, and to all defendants who have appeared and answered in the Croissant action.