In re A. ROTH CO., Inc.

RYAN v. CHATZ.

No. 7737.

Circuit Court of Appeals, Seventh Circuit.

Feb. 5, 1942.

Henry N. Shabsin, of Oak Park, Ill., for appellant.

Thos. Lindskog, of Chicago, Ill., for appellee.

Before EVANS, KERNER and MINTON, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from an order of the Bankruptcy Court approving and confirming certain orders of the referee. The orders granted the trustee in bankruptcy leave to foreclose a mortgage in the state court and denied Ryan leave to foreclose her senior mortgage on the same property.

The facts are these. One Aaron Roth was the sole stockholder of A. Roth, Inc., the present bankrupt. In order to induce the creditors of the corporation to accept the provisions of a Chapter XI, Bankr. Act, 11 U.S.C.A. § 701 et seq., arrangement filed on the company's behalf, he deposited with their nominee his quitclaim deed to real estate as collateral to secure the notes which the company had executed under the plan.[1] But the arrangement failed and the company was adjudicated a bankrupt. The Bankruptcy Court ordered the creditors' nominee to turn over this real estate to the receiver in bankruptcy who subsequently became the trustee. When the court sought to sell the property free and clear of liens, we held that it was without power so to do because the quitclaim deed of Aaron Roth to the creditors' nominee conveyed not a fee simple title, but a mortgage interest. In re Roth Company, Inc. (Roth v. Chatz), 7 Cir., 118 F. 2d 156. It is this property which is subject to the mortgages involved in the present appeal. From the time that the court subjected this property to its jurisdiction, Ryan has filed several petitions seeking leave of the court to make the bankrupt and the trustee in bankruptcy parties defendant to a foreclosure proceeding to be instituted in the state courts and praying that the trustee turn over to her possession of the mortgaged premises and all the rents collected by him from the property. However, the particular orders appealed from concern only the grant of leave to the trustee to foreclose and the denial of leave to the appellant.

■ Appellant is a creditor of the individual Roth, not of the bankrupt company, and she claims a lien superior to the one claimed by the respondent trustee. As the holder and owner of a mortgage executed by Roth, individually, she has a legal right to foreclose her mortgage, but to cut off effectively all claim of right or interest in the mortgaged property subsequent to her mortgage it is necessary that all parties having or claiming an interest in the property subsequent to her superior mortgage be made party defendants in the contemplated foreclosure proceeding. Gregory v. Suburban Realty Co., 292 Ill. 568, 127 N.E. 119. It has long been the practice that when one desires to make the trustee a party to a foreclosure suit, to first obtain permission from the Bankruptcy Court. Certainly, once the Bankruptcy Court asserts control of the res, whether the trustee claims as mortgagee or mortgagor, is of little moment to the creditor. The wisdom of the practice is no less com-

---

[1] The conditions of the deposit and the terms of the plan are immaterial to this opinion. They are summarized in our previous opinion recorded in 7 Cir., 118 F.2d 156.

pelling to him. Ryan conformed to this practice and asked the court's permission, not because her debtor mortgagor was the bankrupt, but because her debtor mortgagor saw fit to mortgage his remaining interest in the real estate to secure an arrangement on behalf of the present bankrupt. When the last appeal was before us, we could not help but comment upon the general pattern of the proceeding. Now, as then, "we do not understand that the transaction ever vested title in the bankrupt itself, nor do we understand that the Act contemplates administration by the bankruptcy court of property encumbered by liens arising out of claims of parties having no relation whatever to the bankrupt, and which have arisen sometime prior to the conveyance to it." It is not clear to us how Aaron Roth, by his conveyance to the nominee, "could swing into the orbit of the bankruptcy court, jurisdiction over the claims of his own creditors against the property which had arisen prior to the conveyance."[2]

■ Perhaps the right of Ryan to deny that the trustee has sufficient color of title to institute foreclosure proceedings in the state court is gone,[3] but she may still deny the propriety of the court's order denying her the right to foreclose her mortgage. Cf. In re Bennett, 7 Cir., 285 F. 351.

Appellee contends that refusing to grant leave to foreclose is a matter of discretion, not to be interfered with on appeal except in case of abuse.

■ Determination of abuse of discretion involves the exercise, by us, of sound judgment upon the facts. If there is controversy as to facts, and if the facts themselves largely define the wisdom of the discretion, review by the appellate court is seldom effective and it should not be. Then appellate court's review does not include trial court's discretion.

If, however, the facts are not in dispute and it is a question of sound judgment based upon the undisputed facts which are before us as fully as before the trial judge, we are in about as good a position as he to say whether the discretion has

been wisely exercised. In short, both trial and appellate courts have the same situation upon which to exercise the same sound judgment. Weeks et al. v. Bareco Oil Company, 7 Cir., 125 F.2d 84, decided December 22, 1941. The fact that the question is now one of discretion, and not power, makes no less impelling the considerations of our volunteered statement in Roth v. Chatz, supra. We believe that this is a case which falls within the second category of discretionary act, and to deny appellant leave to foreclose her superior mortgage was an abuse of discretion. Accordingly, the order is modified to permit Ryan to institute foreclosure proceeding. The costs of this appeal will be taxed one-half to each party.

MINTON, Circuit Judge (concurring).

I concur in the Court's disposition of this case. I agree that the District Court abused its discretion and this court has reached a right result in vacating the lower court's order.

I do not want to agree to any decision which holds or seems to hold that Ryan had to have the consent of the Bankruptcy Court to foreclose her mortgage or to sue the trustee in foreclosure proceedings. Ryan did not seek to foreclose a mortgage on property of the bankrupt. She wanted to foreclose a mortgage on property of a third party, upon which property the bankrupt also held a mortgage.

The Court's opinion in this case recites: "It has long been the practice that when one desires to make the trustee a party to a foreclosure suit, to first obtain permission from the Bankruptcy Court."

This practice may very properly and necessarily prevail where the suit was to foreclose a mortgage on the property of the bankrupt. In re Dyer, D.C., 8 F.2d 376. I think that is as far as we should go. I have never understood that A, wanting to foreclose a mortgage on property owned by B, had to get consent of a bankruptcy court to foreclose that mortgage, or to make a trustee in bankruptcy a party, simply because C, the bankrupt, also had a mortgage on B's property. Mortgagee A's rights in foreclosure against Mort-

---

[2] Roth v. Chatz, 7 Cir., 118 F.2d 156, 159. An interesting case of a bankrupt junior mortgagee's effort to subject a senior mortgagee to a bankruptcy court is Brunn v. Wichser, 3 Cir., 75 F.2d 25.

[3] Cf. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Chicot County Drainage District v. Baxter State Bank et al., 308 U.S. 371, 60 S.Ct. 317, 84 L. Ed. 329; 40 Col.L.Rev. 1006, 1008; 53 Harv.L.Rev. 652; 49 Yale L.J. 959.

gagor B's property do not emanate from an act of grace of a bankruptcy court, whose relation to the property involved in the foreclosure suit is derived solely from a mortgage on the same property of B held by a bankrupt.

I have found no case where a court has held that consent to foreclose or to sue the trustee must be obtained from a bankruptcy court under circumstances such as appear in this case.

The practice in such cases has been so universal to proceed without consent of the bankruptcy court that authority for my position that such consent is not necessary is not abundant. The following cases seem to support my view: Rice v. Kelly, 226 Ky. 347, 10 S.W.2d 1112; In re Smith, D. C., 121 F. 1014; In re John Condon Contracting Co., D.C., 2 F.Supp. 52.