PYRENE MFG. CO. v. CASTLE.

(District Court, E. D. Pennsylvania. March 29, 1917.)

No. 4552.

DISMISSAL AND NONSUIT ⊙⟶19(2)—DISCONTINUANCE—RIGHT TO DISCONTINUE.

In an action in the federal District Court of Pennsylvania based on diversity of citizenship and the sum in controversy, defendant filed a counterclaim under plea of set-off, the sum of which was less than $3,000. Thereupon plaintiff discontinued the action, instituting another in the state court, while defendant moved for rule to strike off the discontinuance. *Held* that, despite the Practice Act (Act May 14, 1915 [P. L. p. 483]), plaintiff's discontinuance will be stricken off, for, though the court would retain jurisdiction of the action for the purpose of disposing of defendant's counterclaim, nevertheless if an amount in controversy was less than $3,000, and the court would not have jurisdiction had suit been brought for the same, such proceeding was open to attack on the ground of want of jurisdiction, and plaintiff by successive discontinuances might prejudice defendant.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 34, 35.]

At Law. Action by the Pyrene Manufacturing Company against James M. Castle. Sur rule to strike off plaintiff's discontinuance. Rule made absolute.

J. Gowen Roper and Robert S. Bright, both of Philadelphia, Pa., for plaintiff.
Thomas Stokes, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The questions involved in the disposition to be made of this rule are presented by this outline statement of the facts and are embraced in the following propositions:

The plaintiff, a citizen of Delaware, brought its action against the defendant, a citizen of Pennsylvania. The jurisdiction of this court is dependent upon diverse citizenship and the sum in controversy.

One of the defenses interposed to the suit is a counterclaim under a plea of set-off. A certificate is asked in defendant's favor for less than $3,000. The plaintiff discontinued its action and brought another in the state court for the same cause of action. The defendant then made the present motion to strike off this discontinuance. The propositions referred to are these:

(1) The Ralston (Pennsylvania Practice) Act preserves to defendants all the rights (so far as affects the present rule) which they before had and confers an additional right. This additional right is to assert any counterclaim that the defendant may have pleaded and to have the action proceed to have the counterclaim determined notwithstanding a discontinuance of plaintiff's suit. Thereafter·the action proceeds as if it had originally been brought by the defendant as plaintiff against the plaintiff as defendant on a statement of claim setting forth the counterclaim as the original cause of action.

(2) Before the Ralston Act, and unaffected by its provisions, no action, in the theory of the law, could be discontinued without leave of court. In practice, however, actions were discontinued at the will of the plaintiff; the leave of the court being assumed. The right to the grant of actual leave could be challenged by a rule to strike off. The rule was then.heard' as an application for leave, and leave was granted or withheld as the facts warranted.

(3) Leave was granted unless the effect of the discontinuance was to deprive the defendant of a substantial right. Mere loss of the opportunity to have the counterclaim adjudicated in the action brought was not, before the Ralston Act, the deprivation of any right of the defendant. Subjection to numerous and vexatious suits for the same cause of action, or forcing the defendant into a distant or foreign jurisdiction, would justify withholding leave to discontinue an action once brought. The soundness of the first proposition is denied by the plaintiff, and it is, on the contrary, asserted that the effect of the Ralston Act is to recognize an absolute right in the plaintiff to discontinue subject to the newly conferred right of the defendant to pursue his counterclaim if he so desires.

The remaining propositions are conceded, but it is denied that, independently of the Ralston Act, the discontinuance of the action affects adversely any right of the defendant.

Without formulating the reasons leading to the conclusion reached, we content ourselves with its statement. The Ralston Act does not, in this respect, affect the former practice further than to confer the additional right given to defendants who have made counterclaims. Upon the other point there are two observations to be made. One is that the plaintiff asks to discontinue the present action in order to bring another. The discontinuance of successive actions would, if there were many of them, at some time justify the inference that they were vexatious in motive and purpose. Such an inference would not be justified by a single instance. The vexatious consequences of one instance would, however, differ only in degree from that of many. The other observation is that this court has jurisdiction to adjudicate the rights

of the defendant to his counterclaim in the action as brought. If an action had been brought in this court for this counterclaim, the sum of which was less than $3,000, the suit must have been dismissed for want of jurisdiction. If therefore after the discontinuance of the action by the present plaintiff the counterclaim is to proceed as if it were the subject of an original action in itself with the original action considered as never having been brought, this court would be without jurisdiction to entertain the suit to recover the counterclaim. This would deprive the defendant of the benefit of the provisions of the state statute. In theory, the defendant is bound to know the legal effect of the statute, and if this court, having once had the jurisdiction of the case, would retain it for the purpose of adjudicating the counterclaim, the defendant in legal intendment would not be harmed, but he would nevertheless be subjected to the practical disadvantage of being compelled to shoulder the burden of maintaining a disputed jurisdiction and of being a party to two actions when the one action as brought would dispose of the whole controversy. We think these considerations bring him within the doctrine of the cases holding that causes may not be discontinued to the prejudice of the defendant. McCredy v. Fey, 7 Watts (Pa.) 496; Consolidated Bank v. McManus, 217 Pa. 190, 66 Atl. 250; Schuylkill Bank v. Macalester, 6 Watts & S. (Pa.) 147; La Touche v. Rowland, 12 Wkly. Notes Cas. (Pa.) 384; Payne v. Grant, 7 Wkly. Notes Cas. (Pa.) 406; Mechanics Bank v. Fisher, 1 Rawle (Pa.) 341.

The rule is made absolute.