## GOLDSTEIN v. PHILADELPHIA & READING COAL & IRON CO.

(Circuit Court of Appeals, Third Circuit. February 17, 1927.)

No. 3551.

1. **Dismissal and nonsuit ⬡18—Plaintiff cannot discontinue action, depriving defendant of right established in suit, or prejudicing him by subjecting him to another action.**

Plaintiff cannot be allowed to discontinue action, when by so doing defendant would be deprived of some legal right established or adjudged in suit, or would be prejudiced by being subjected to another action.

2. **Dismissal and nonsuit ⬡18—Withdrawal of bill did not prejudice defendant, where injunction had been dissolved, and case stricken from trial calendar for want of attention.**

Withdrawal of bill in equity to enjoin removal of culm from pile on land of both plaintiff and defendant, at plaintiff's motion, *held* not to prejudice defendant, where preliminary injunction had been dissolved and case stricken from trial calendar for want of attention by either party, since suit did not cast cloud on defendant's title.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Albert W. Johnson, District Judge.

Suit by the Philadelphia & Reading Coal & Iron Company against Israel Goldstein, doing business as the Northumberland Coal Company. From a decree allowing plaintiff's motion for leave to withdraw the bill, defendant appeals. Affirmed.

Morris L. Levine, of New York City, and Cornelius B. Comegys, of Scranton, Pa., for appellant.

Wm. Clarke Mason, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This appeal is from a decree of the District Court allowing a motion of the appellee (plaintiff below) for leave to withdraw its bill in equity upon payment of costs.

[1] The appellant (defendant below) rests his opposition to the court's action on authority of many cases which hold quite consistently and correctly, as applied to their particular facts, that a plaintiff cannot be allowed to discontinue his action when by so doing the defendant would be deprived of some legal right established or adjudged in the suit, or would be prejudiced (as distinguished from annoyed) by being subjected to another action. Hat-Sweat Mfg. Co. v.

Waring (C. C.) 46 F. 87; Am. Bell Tel. Co. v. West. Union Tel. Co. (C. C. A.) 69 F. 666, 670; Pyrene Mfg. Co. v. Castle (D. C.) 240 F. 841, 843; C. & A. R. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 713, 3 S. Ct. 594, 27 L. Ed. 1081; Pullman's Palace Car Co. v. Central Trans. Co., 171 U. S. 138, 18 S. Ct. 808, 43 L. Ed. 108. The simplest instance of refusing leave to discontinue is where the defendant in replevin has filed a property bond; an instance of not infrequent occurrence is where the defendant in an action in equity has filed a cross-bill seeking affirmative relief and the case has proceeded on bill and cross-bill to a stage where the defendant having pleaded and partly established a cause of action of his own would be prejudiced by being remitted to a separate action. We shall not review the cases, for the latest and most authoritative exposition of the law of the subject may be found in Ex parte Skinner & Eddy Corporation, 265 U. S. 86, 92–94, 44 S. Ct. 446, 68 L. Ed. 912.

[2] What happened in the instant case was this:

Omitting dates, except the first and last, the plaintiff company, on October 30, 1922, filed a bill in equity in a state court praying an injunction, preliminary and permanent, to restrain the defendant from removing culm from a culm pile situate on the land of both so as to let down culm from the side on the plaintiff's land to the side on the defendant's. A preliminary injunction was granted without hearing and on the defendant's motion it was, after full hearing on much testimony, dissolved. The defendant then caused the case to be removed from the state court to a federal court and filed his answer. Later it was stricken from the trial calendar for want of attention by either party. In an effort by the trial judge (under equity rule 57) to clear the docket, the case came to light again, resulting in motions by both parties. The first was made by the defendant who, conceiving the action to be in the nature of ejectment to try the title to land and of replevin to try the title to the culm pile, moved the court to certify the case to its law side, or, on its refusal, to dismiss the plaintiff's bill for want of equity. The plaintiff asked leave to withdraw its bill and thereby discontinue the suit. The court, on June 22, 1926, granted the latter motion and from that action the defendant has taken this appeal.

Regarding the case as ruled by the law of Ex parte Skinner & Eddy Corporation,

supra, we discern in these procedural facts no legal prejudice suffered by the defendant from the discontinuance allowed. His contention that the institution of this suit has cast a cloud on his title and that it can be removed only by prosecution of the suit to final judgment or decree is not substantial.

The order is affirmed.