## HOSEY et al. v. KENNAMER et al.

Circuit Court of Appeals, Eighth Circuit.
July 12, 1927.

No. 336, Original.

**1. Mandamus ⊂⇒4(2, 3)—Mandamus held not available to review rulings on motions to remand, to strike intervening petitions, and to transfer to law side.**

Rulings on motion to remand, to strike intervening petitions, and to transfer to law side of court being reviewable on proper objections and exceptions by writ of error or appeal, writ of mandamus, an extraordinary remedy, available where ordinary remedies fail, is not available as a substitute remedy.

**2. Mandamus ⊂⇒154(1)—Petition for leave to file petition for mandamus should be presented.**

The orderly course of presenting a petition for mandamus is to present a petition for leave to file petition for mandamus.

Original petition by Harriett Hosey and others for alternative writ of mandamus to Franklin E. Kennamer. Petition denied.

J. M. Springer, Joe W. Simpson, Joseph A. Gill, E. G. Wilson, and Wm. H. Thompson, all of Tulsa, Okl., for petitioners.

Before WALTER H. SANBORN and BOOTH, Circuit Judges.

WALTER H. SANBORN, Circuit Judge. The petitioners in this case present to this court their petition for an alternative writ of mandamus to Hon. Franklin E. Kennamer, United States District Judge for the Northern District of Oklahoma, to require him to show cause why he should not remand this case to the district court of Creek county, Okl., in which court it was commenced, tried to the court and jury, the verdict set aside, and thereafter the case transferred to the United States District Court for the Northern District of Oklahoma by an order of that state court, upon a petition of the United States and alleged restricted Indians, pursuant to section 3 of the Act of Congress approved April 12, 1926, part 1, 44 Stat. 239, c. 115, amending section 9 of the Act of May 27, 1908, 35 Stat. 312, 315. After that transfer was made, the petitioners, plaintiffs, made a motion in the federal court for the Northern district of Oklahoma, before Judge Kennamer to remand this case to the state court, which was opposed by counsel for other parties in the action. The question was argued by counsel, and deliberately considered by Judge Kennamer, who denied the motion.

In their petition for the writ petitioners now seek (1) to have this court command Judge Kennamer to reverse his decision on the motion to remand and to return the case to the state court; (2) if this court is of the opinion that the federal court below had jurisdiction of the subject-matter of this action, then that it command Judge Kennamer to strike out all the intervening petitions in this case, which on motions and after hearings he refused to strike out; and (3) if this court is of opinion that the interveners are proper and necessary parties, that it order Judge Kennamer to transfer this case from the equity to the law side of the court below, although he has considered the question whether this case should be tried at law or in equity, and has decided and directed that it be tried in equity. Counsel for the petitioners have filed a written argument and cited authorities to sustain their petition. These have been carefully considered.

[1] But the orders and rulings of Judge Kennamer, which petitioners seek to challenge and reverse by means of this petition, are reviewable upon proper objections and exceptions by writ of error or appeal, and the writ of mandamus is an extraordinary remedy available where ordinary remedies fail. Neither the writ nor an application for it is available as a substitute for a writ of error or an appeal. United States, ex rel. Harless v. Judges of U. S. Court of Appeals of Indian Territory (C. C. A.) 85 F. 177, 180; Henderson Tire & Rubber Co. v. Reeves and Otis, Judges (C. C. A.) 14 F. (2d) 903, 906.

Judge Kennamer had the lawful power and jurisdiction and the imperative duty was imposed upon him to hear and decide the issues involved in the rulings and orders of which the petitioners complain. He discharged that duty. When a question has been decided by the officer or person to whose judgment or discretion the law has intrusted its determination, the writ of mandamus may not issue to review or reverse that decision or to compel another. It may issue to command judicial officers to hear and to decide a question within their jurisdiction, but courts have no power by writ of mandamus to direct such officers how they shall decide such a question, or in whose favor they shall render their judgment, because such action would result in the substitution of the judgment and opinion of the commanding court for that of the

judicial officer or officers to whose judgment and discretion the law intrusted the decision of the issue. For the same reason it cannot be invoked to compel a court or a judicial officer to reverse a decision already rendered, to correct an erroneous conclusion, or to render another decision. Kimberlin v. Commission to Five Civilized Tribes (C. C. A.) 104 F. 653, 655; Henderson Tire & Rubber Co. v. Reeves & Otis, Judges (C. C. A.) 14 F. (2d) 903, 906; Minnesota Moline Plow Co. v. Dowagiac Mfg. Co. (C. C. A.) 126 F. 746, 748; Brictson Mfg. Co. v. Munger, Judge (C. C. A.) 20 F.(2d) 793, opinion filed June 13, 1927.

[2] The orderly course of presenting a petition for mandamus to this court is to present a petition to the court for leave to file the petition for a mandamus. We have treated the brief of counsel and their authorities as a petition for leave to file this petition for a writ of mandamus. The request to file the latter petition must be and it is denied upon the grounds above stated.