## CHETKOVICH v. UNITED STATES.
### No. 6428.

Circuit Court of Appeals, Ninth Circuit.
Oct. 26, 1931.

As Amended Nov. 4, 1931.

See, also (C. C. A.) 47 F.(2d) 894.

John A. Shelton, of Butte, Mont. (Gregory, Hunt & Melvin, Wm. H. Hunt, and John M. Gregory, all of San Francisco, Cal., of counsel), for appellant.

Wellington D. Rankin, U. S. Atty., and D. L. Egnew, Asst. U. S. Atty., both of Helena, Mont., and D. D. Evans, Insurance Atty., U. S. Veterans' Administration, of Fort Harrison, Mont., for the United States.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

This suit was brought to recover on a war risk insurance policy. The appeal is brought here without any exceptions having been taken to rulings of the trial judge, as to which error is now claimed. The verdict of the jury was in favor of the United States on the evidence. The appellant at the trial and subsequent proceedings was represented by several counsel, and it is difficult to understand why the record was left in such an imperfect condition. Other counsel resident in San Francisco appeared when the case was called on this court's calendar, they having been requested so to do by appellant's Montana attorneys. It should be noted that the counsel of record on this appeal did not represent appellant at the trial.

It is conceded that the rule is, that where no exceptions have been reserved in the trial

court, this court has no duty to examine into the matter of errors claimed. It was earnestly insisted, at the oral argument, that there were errors committed by the trial judge of such a grave nature as to have worked a miscarriage of justice in relation to the appellant's case, and that such errors warrant the appellant in asking the court to treat this as an exceptional case under the concluding provision of rule 11, which states that: " * * * The court, at its option, may notice a plain error not assigned."

The record has been carefully examined in its entirety. The case was one where, at the conclusion of the introduction of all of the testimony, there was a conflict in the evidence as to whether appellant had been totally and permanently disabled prior to the 15th day of March, 1919, at which time he was discharged from the military service of the United States, and ceased to pay premiums on the insurance. It is true that the trial judge, in ruling on the motion of the United States for a directed verdict presented at the conclusion of all of the testimony, commented on the facts and perhaps intimated that he did not believe appellant had made a sufficient case. However, he told the jury at the time that he proposed to leave with it the matter of deciding the facts, and, in the general instructions given at the conclusion of the case, made it quite plain to ordinary understanding that the jurymen must make up their own minds on the matters in dispute. For instance, at the opening of the charge we find this language: "What the facts are, what witnesses to believe, what evidence is entitled to consideration, and what weight you will give to it, and what conclusions of fact you should arrive at, are conclusively your function. The court might express an opinion on the facts but rarely does so. When it does, it does not intend to bind you to its opinion."

That a trial judge in the federal court has the right to discuss the evidence before the jury cannot be questioned; and if in such discussion his opinion on the case is intimated or suggested, no error is committed, provided it is made clear to the jury that it is not bound by the opinion so expressed, but must determine the facts upon its own judgment.

There was a motion for a new trial, and certain affidavits were presented which purported to show that new evidence had been discovered which might be used in support of appellant's case. A counter affidavit on the part of the government was filed after the expiration of the time which the rule of the district court allowed, which appellant moved to strike from the files. There can be no review of the action of the court in the use of its discretion in granting or denying the motion for a new trial. The court in this case did, as will be presumed from the record, consider all of the affidavits offered. Hence the case is not similar to the one cited by appellant (Mattox v. United States, 146 U. S. 140, 13 S. Ct. 50, 52, 36 L. Ed. 917), where the court excluded affidavits and the Supreme Court of the United States held that the error might be reviewed because the trial judge had not used "any discretion in respect of the matters" stated in the affidavit. The trial court here had the undoubted discretion to relax its rule and permit the counter affidavit to be filed out of time. It does not appear that appellant asked for or was denied the right to file answering affidavits.

The record presents no error entitling the appellant to an order reversing the judgment. Judgment affirmed.