## HOME OWNERS' LOAN CORPORATION
### v. HUFFMAN.
### No. 12490.

Circuit Court of Appeals, Eighth Circuit.

March 25, 1943.

Rehearing Denied April 19, 1943.

Charles M. Miller, of Kansas City, Mo. (Neal L. Thompson, of Washington, D. C., on the brief), for appellant.

Price Wickersham, of Kansas City, Mo. (Clay C. Rogers, of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The present appeal is taken by the defendant from an order entered upon the application of the plaintiff dismissing the case "without prejudice" and without imposing terms. The application was filed and the order entered after the case had been tried, appealed, reversed, certiorari

denied by the Supreme Court (316 U.S. 681, 62 S.Ct. 1268, 86 L.Ed. 1754), and the mandate of this court had issued. The opinion of this court on the former appeal ended in these words: "The judgment appealed from is therefore reversed and the cause remanded, with directions to set aside the judgment and grant the defendant a new trial." Home Owners' Loan Corporation v. Huffman, 8 Cir., 124 F.2d 684, 688.

The action on the former appeal sounded in tort and was brought to recover damages for personal injuries suffered by plaintiff as the result of a fall down a basement stairway in a dwelling house situated in Kansas City, Missouri, owned by the defendant and occupied under a lease by plaintiff's employer. It was alleged that the injuries complained of were caused by the negligent failure of the defendant to repair and make secure the fourth tread in the stairway. The case was tried to the court without a jury and a judgment was rendered for the plaintiff in the amount of $20,000. On appeal this court held that the evidence failed to show that the accident resulted from any actionable negligence on the part of the defendant and that "its motion for findings and judgment in its favor should have been granted." Costs were taxed to the plaintiff in this court in the amount of $639.48, for which judgment was rendered for defendant. Neither these costs nor the costs in the trial court have been paid.

After the mandate of this court was filed in the trial court, an order dismissing the suit without prejudice was entered on the ex parte application of the plaintiff. When this fact came to the knowledge of the defendant a motion was filed to set aside the order of dismissal and grant the defendant a hearing. The defendant opposed and objected to the dismissal without prejudice on the ground that such dismissal violates rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; that the dismissal permits the plaintiff to bring another suit against the defendant in another court on the same cause of action; and that such a dismissal is an injustice to the defendant and violates its rights.

Upon the hearing, by agreement of the parties, the application to dismiss without prejudice was heard anew. The defendant introduced in evidence the record of the ex parte proceedings following the mandate, and counsel for the plaintiff offered in evidence plaintiff's affidavit stating that she is a pauper and without means to meet any terms or conditions which might be imposed as a condition for dismissal without prejudice. The avowed purpose of the dismissal was to enable the plaintiff to begin a suit upon the same claim against the defendant in the state court. Her counsel stated that he had not produced all of the evidence in his possession upon the trial in the federal court because he was of the opinion that the evidence produced was sufficient standing alone to compel a judgment in plaintiff's favor; and he stated further that he has procured since the trial other evidence which he regards as material. It appeared, also, that counsel for plaintiff have the case upon a fifty per cent contingent fee basis.

At the conclusion of the hearing the motion to set aside the order was overruled, and this appeal followed.

The order of dismissal complained of involves the application of rule 41(a) (2) of the Rules of Civil Procedure. The pertinent language of the rule reads: " * * * an action shall not be dismissed [after service of answer] at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

The effect of this rule is to confer upon the court in all civil actions the equitable power to impose upon a plaintiff seeking to dismiss without prejudice "such terms and conditions as the court deems proper."

It is obvious that such power, although judicial, is discretionary in its nature. Judicial discretion is variously defined. The sense in which the term is commonly used is defined in 1 Bouv. Law Dict., Rawle's Third Revision, page 884, as "The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court."

The judicial discretion of the trial court in permitting a plaintiff to dismiss his suit under rule 41 after answer is filed does not extend to a refusal to apply well-settled principles of law to a conceded or undisputable state of facts. Peterson v. John Hancock Mut. Life Ins. Co., 8 Cir., 116 F. 2d 148, 151; Winchester Repeating Arms Co. v. Olmstead, 7 Cir., 203 F. 493, 494;

In re A. Roth Co., 7 Cir., 125 F.2d 396, 398.

■ Where an appellate court has power to review the exercise of judicial discretion, the inquiry is confined to whether the situation and the circumstances clearly show an abuse of discretion, that is, arbitrary action by failure to apply the appropriate equitable and legal principles to the established or conceded facts and circumstances. Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414, 417.

■ The rule has long prevailed in both law and equity that a plaintiff may dismiss his case without prejudice only by payment of the costs and when the defendant will not be subjected thereby to some plain legal prejudice beyond the incidental annoyance (as distinguished from prejudice) of a second litigation upon the same subject matter. Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, 370, 59 S. Ct. 301, 83 L.Ed. 221; Jones v. Securities and Exchange Commissions, 298 U.S. 1, 19, 20, 56 S.Ct. 654, 80 L.Ed. 1015; Ex parte Skinner & Eddy Corp., 265 U.S. 86, 93, 44 S.Ct. 446, 68 L.Ed. 912; Pullman's Palace-Car Co. v. Central Transp. Co., 171 U. S. 138, 146, 18 S.Ct. 808, 43 L.Ed. 108; Olsen v. Muskegon Piston Ring Co., 6 Cir., 117 F.2d 163, 165; Goldstein v. Philadelphia & Reading Coal & Iron Co., 3 Cir., 17 F.2d 482; United Motors Service v. Tropic-Aire, 8 Cir., 57 F.2d 479, 486 f.; Hartford-Empire Co. v. Obear-Nester Glass Co., supra; City of Detroit v. Detroit City Ry. Co., C.C., 55 F. 569.

■ Since rule 41 is declaratory of a long established practice in the courts and is intended only to clarify and make definite that practice, it should be construed with reference to the precedents. Prior to the adoption of the Rules of Civil Procedure the Supreme Court and the inferior federal courts had applied the rule in the cases cited supra and in many other cases. The decisions were reviewed at length by Judge Kenyon in United Motors Service v. Tropic-Aire, supra, wherein he said that the question to be determined upon appeal from an order granting a dismissal without prejudice after trial at the instance of the plaintiff is: "Did defendant lose any substantial right by the dismissal?" [57 F.2d 482.] That, in brief, is the issue on the present appeal.

The defendant contends that it lost (1) its adjudicated right to the payment of costs, and (2) its alleged right to freedom from suit in another court upon the same cause of action.

■ The plaintiff contends that the defendant's right to the payment of costs by the plaintiff is satisfied by the judgment for costs entered in favor of defendant and against the plaintiff. This contention has no merit. A judgment is not equivalent to payment.

The plaintiff argues further that the order of dismissal without requiring payment of costs is justified because the plaintiff filed an affidavit that she is a pauper, that the trial court should weigh the equities, and that for the trial court to have imposed as a condition of the order of dismissal payment of the costs would have been tantamount to a perpetual injunction against her, "forever preventing her from producing the proof of defendant's negligence" in another court. The trial court accepted this theory.

■ Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for consideration under the rule. The terms and conditions which the court may impose are for the protection of the rights of the defendant. Ex parte Skinner & Eddy Corp., supra, 265 U.S. at page 93, 44 S.Ct. at page 447, 68 L.Ed. 912. Moreover, plaintiff's counsel having a fifty per cent interest in her recovery are not shown to be "penniless". Under 28 U.S.C.A. § 832 relating to payment of costs by poor persons, it is held that where suit is brought on a contingent fee, the attorney becomes a party in interest, and a petition for leave to sue in forma pauperis must include an averment that the attorney who has such interest in the result of the case is unable to give security for costs. Feil v. Wabash R. Co., C.C.Mo., 119 F. 490; Chetkovich v. United States, 9 Cir., 47 F.2d 894; Id., 9 Cir., 53 F.2d 26; De Hay v. Cline, D.C. Texas, 5 F.Supp. 630; United States v. Ross, 6 Cir., 298 F. 64, 33 A.L.R. 728; Phillips v. Louisville & N. R. Co., C.C.Ala., 153 F. 795; Boyle v. Great Northern R. Co., C.C.Wash., 63 F. 539. We know of no reason why the same rule should not apply when a plaintiff seeks to dismiss his case without prejudice under rule 41.

■ Another argument in connection with the alleged equities of the plaintiff is that the dismissal should be granted in order to give the plaintiff an opportunity

to introduce upon a trial of the case in another court the evidence which she had, but failed to introduce upon the former trial, and the new evidence which her counsel have discovered since. This argument would not merit consideration except for the fact that the trial court indicated that it was an important factor inducing the granting of the dismissal. As pointed out by Chief Justice Taft in Ex parte Skinner & Eddy Corp., supra, the plaintiff's reasons for desiring to dismiss are immaterial. If plaintiff's motives were material, it is not made to appear that the evidence not introduced on the former trial and the newly discovered evidence are admissible in the state court and not in the federal court. Only by implication is such an advantage to the plaintiff and prejudice to the defendant apparent. If it were demonstrated that the defendant would lose the advantage which it now has by a change of forum that might be reason for holding that the court abused its discretion by permitting a dismissal without prejudice even had terms been imposed. In speaking of the result of a dismissal without prejudice by a plaintiff for the purpose of beginning a suit in another court, Judge Learned Hand in Young v. Southern Pac. Co., 2 Cir., 25 F.2d 630, 632, said: " * * * one court is as good as another. But the situation changes when there is substantial doubt whether the courts will not apply different rules, and when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage. The loss of the federal forum then becomes a grave prejudice, quite as much as, and indeed more than, the expense and delay in trying the suit up to decree, or even the failure of a cross-bill."

The order of dismissal without prejudice upon the application of plaintiff should have been conditioned upon the payment of costs. See McCann v. Bentley Stores Corp., D.C.Mo., 34 F.Supp. 234; United States v. Lyman, 1 Cir., 125 F.2d 67.

■ The defendant's second contention is that a dismissal without prejudice will deprive it of its alleged right to freedom from suit in another court upon the same cause of action. The defendant does not have such an absolute right under the rule. The trial court said at the hearing, "I am not now of the opinion the defendant was prejudiced by the dismissal of the case"; and, except for plaintiff's failure to pay the costs, there is no evidence of legal prejudice. A new trial was granted on appeal, and there is no showing that a trial in the state court will not be as fair as a new trial would be in the federal court. In whichever court the case is tried the substantive rights of the parties are controlled by the laws of Missouri, and there is no showing of disadvantage to the defendant in the procedural law of Missouri.

■ The defendant argues that some of the reasons for overruling the motion stated by the trial court in its opinion and comment at the hearing are invalid and do not support the order. This court cannot inquire into and examine the mental operations of the trial court in its exercise of a discretionary power. On such an appeal as this we are limited to a consideration of whether the order itself constitutes an abuse of discretion in that it infringes the legal or equitable rights of the defendant as shown by the circumstances and facts conceded or undisputed. The trial court indicated at the hearing on the motion to dismiss that it did not agree with the decision of this court on the former appeal. Such disagreement would be an improper basis for granting the motion to dismiss without prejudice and without imposing terms. But the mere existence of such difference of opinion is immaterial where it is not shown that the order is predicated exclusively upon improper considerations.

■ Another incidental contention of the defendant is that this court on the former appeal should have ended this case by a final judgment of dismissal with prejudice and that, having failed to do so then, it should correct its mistake now. The argument is without merit for two reasons. First, the case was tried to the court without a jury, and the defendant made no motion at the trial or thereafter corresponding to a motion for judgment notwithstanding the verdict permitted by rule 50(b) of the Rules of Civil Procedure in cases tried before a jury; and, second, we cannot on this appeal consider new issues, "nor can we modify the previous opinion and mandate of this court." Pike Rapids Power Co. v. Minneapolis, St. P. & S. S. M. R. Co., 8 Cir., 106 F.2d 891, 894.

■ Under rule 41 a plaintiff does not have an absolute right to dismiss his case without prejudice after an answer has been served. Under the undisputed facts and circumstances of this case the court abused

its discretion in permitting dismissal without prejudice unless conditioned on payment of costs. For this reason the order appealed from is reversed and the case is remanded for further proceedings not inconsistent with this opinion.