**FEDERAL SAVINGS & LOAN INS. COR-
PORATION v. REEVES, District
Judge, et al.**

No. 13061.

Circuit Court of Appeals, Eighth Circuit.

March 28, 1945.

Charles M. Miller, of Kansas City, Mo., for petitioner.

William S. Hogsett, of Kansas City, Mo. (Francis G. Hale, of Liberty, Mo., on the brief), for respondents.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

Petitioner seeks a writ of mandamus directing respondent to vacate a certain order entered in the case of Federal Savings & Loan Insurance Corporation v. First National Bank of Liberty, Missouri, denying the motion of petitioner to dismiss the action without prejudice, and further directing respondent to sustain the petitioner's motion to dismiss.

In its motion to dismiss the action, petitioner offered, as a condition for the granting of the motion, to pay the accrued costs, together with the taxable attorneys' fees, provided in 28 U.S.C.A. §§ 571 and 572. The motion was presented to the District Court after the defendant in the proceeding had filed its answer to petitioner's complaint. In an opinion filed at the time of the order denying the motion, respondent expressed the opinion, on the evidence heard on the motion, that the motion to dismiss should not be granted except on condition that petitioner reimburse the de-

732

fendant in the action for its expenses and attorneys' fees incurred in the preparation for trial, in the taking of certain depositions, and on motions which had been presented in the case.

 Rule 41(a) (2) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that an action shall not be dismissed at the request of the plaintiff after service of the answer, except by order of the court "and upon such terms and conditions as the court deems proper." Under this rule the plaintiff does not have an absolute right to dismiss an action after service of an answer. In ruling a motion to dismiss after service of an answer the District Court exercises a judicial discretion. Home Owner's Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, 316. Obviously, it was within the lawful discretion of the respondent to decide whether the dismissal of the case proposed should be allowed, and, if so, on what terms and conditions. It is elementary that mandamus can not be used to control the lawful discretion of a trial court (Frankel v. Woodrough, 8 Cir., 7 F.2d 796, 797; Los Angeles Brush Mfg. Corporation v. James, 272 U.S. 701, 705, 47 S.Ct. 286, 71 L.Ed. 481); nor to compel a trial court to reverse a decision which it has rendered on a question within its jurisdiction (Hosey v. Kennamer, 8 Cir., 21 F.2d 64.) Mandamus is not granted as of right, but its issue is a matter of sound judicial discretion. The writ may not be employed as a substitute for appeal. It is properly denied where the remedy by appeal is available, as it is here, in the event of a final judgment against petitioner in the District Court. Brictson Mfg. Co. v. Munger, 8 Cir., 20 F.2d 793, 794; Fred Benioff Co. v. McCulloch, 9 Cir., 133 F.2d 900; Roche v. Evaporated Milk Association, 319 U.S. 21, 28–31, 63 S.Ct. 938, 941, 87 L.Ed. 1185. As said in the opinion in the Roche case, the traditional use of the writ of mandamus "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."

 Petitioner relies on Ex parte Skinner & Eddy Corporation, 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912, and McCullough v. Cosgrave, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992, as authority for its contention that it is entitled as of right to a dismissal without prejudice upon the payment of accrued costs. Neither case supports petitioner's contention. Ex parte Skinner & Eddy Corporation was decided before the adoption of the Federal Rules of Civil Procedure and at a time when a plaintiff had the absolute right to dismiss without prejudice upon the payment of accrued costs, and, hence, is not controlling here. The real ground for the issue of the writ in that case was to prevent "the Court of Claims from exercising jurisdiction, contrary to statute, over a suit which it had previously dismissed." In McCullough v. Cosgrave, supra, the writ issued to prevent "the persistent disregard of the Rules of Civil Procedure." Roche v. Evaporated Milk Association, supra, 319 U.S. at pages 31 and 32, 63 S.Ct. at pages 944, 945, 87 L.Ed. 1185.

In the case before us the decision of the District Court on the motion to dismiss, whether correct or incorrect, was upon a question committed by law to its determination.

The petition is denied.

WOODROUGH, Circuit Judge (dissenting).

The petitioner for mandamus here is the plaintiff in a civil action now pending in the federal District Court. The defendant's answer had been served but before the case was set for trial the plaintiff moved for a dismissal without prejudice. The trial court, in a written opinion, decided that the dismissal without prejudice should be granted on the conditions that plaintiff first pay the costs and also certain of defendant's expenses and attorney's fees, amounting to some $6,741. It based its authority to impose such conditions on its interpretation of Rule 41(a) (2) of the Rules of Civil Procedure.

The petitioner for mandamus concedes that the rule vests discretion in the court to condition the dismissal to the extent that in the exercise of the discretion the court had the power and acted within its discretion in making the payment of the court costs for which plaintiff was indebted, a condition of dismissal. Before the rule plaintiff could have gone to the clerk and had his dismissal entered, leaving his costs outstanding as a mere debt reducible to judgment by cost bill, and that situation, especially in cases where the plaintiff had recovered below and been reversed on expensive appeal, occasioned the rule forbidding such dismissal without court order and authorizing the court to fix

"proper" conditions in respect to satisfaction of the costs before relinquishing the case from its jurisdiction. But the petitioner here denies that the rule empowered the court to inquire into expense defendant had incurred in the suit outside of taxable costs, or to condition the dismissal on payment of such expenses by plaintiff.

The trial court's action was based on its interpretation of the rule that the whole matter of "proper" dismissal conditions is delegated to the discretion of the District Judge, and it agreed with the declaration of the late District Judge Otis, " * * * no 'terms and conditions' are conceivable except such as are calculated to compensate the defendant for the expense to which he has been put." McCann v. Bentley Stores Corporation, D.C., 34 F.Supp. 234, 235.

The question is of far-reaching importance. The right of plaintiff to dismiss without prejudice before trial is a peculiar one which has persisted a very long time and survived many ' codifications and attacks. It has endured as a refuge for the weak in the hour of their confrontation with the ordeal of trial. The right is in essence of the same nature as the right of trial by jury. Both are practical means, from wisdom and experience, tending to palliate inequality of position between litigants.

Certainly there is nothing in the rule declaring that the traditional right of plaintiffs to dismiss without prejudice before trial shall be abolished. Whether such a long-cherished right of plaintiffs could be substantially impaired by mere rules of court need not be gone into. It is clear the rule-makers recognized the right as continuing and had no thought to abrogate it. As we pointed out in Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, the rule is merely declaratory of long-established practice. The facts in that case illustrated the abuse of the right of plaintiffs which the rule is designed to prevent. Plaintiffs who have court costs piled up against them for which they are liable but will not pay, are prevented by the rule from taking their claims out of the court and perhaps into some other forum except under court orders and on proper terms in the court's discretion respecting satisfaction of their costs. They may be required to pay such costs in whole or part, forthwith or on terms, and the discretion is to get the costs paid but to preserve the plaintiffs' right consistently with compelling their payment. As the exercise of the right to dismiss always and universally left the plaintiff indebted for the taxable costs, the interpretation we gave the rule in the Huffman case affords means to make plaintiffs do what they were legally obligated to do, and no substantial right was denied them by that interpretation.

I think the contrary interpretation and application in this case is not in accord with the true intendment of the rule. The "proper conditions" of dismissal referred to in the rule do not include every condition that may appeal to a federal judge as an individual. They mean "conditions" compatible with the maintenance of the right of plaintiffs to dismiss at their costs, substantially as it is, and traditionally has been recognized in state statutes and in the practice of the courts, including the federal courts.

I think the declaration that only conditions calculated to compensate the defendant are proper has implicit in it the erroneous assumptions that there is a wrong involved in bringing plaintiff's suit, and also a consequent damage to be compensated for. The Constitution provides for courts whose criers invite those who have complaints to present them. Courts may not treat the bringing of a civil action in good faith as a wrong, nor its consequences to the defendant as compensable damage.[1] The view expressed in the quoted declaration is merely an honored individual's philosophy. I do not think it fits into the law. It controlled the decision in the court below as the court did not find in this plaintiff's case any individual incidents evoking any exercise of its discretion. Plaintiff's was an ordinary civil action for recovery of a money judgment and the trial court's decision means that it will not let plaintiffs in such actions dismiss in that court except on "compensating" defendants.

I dissent from lending our sanction, not only because I think the judges are given no power to fasten such a practice on the federal courts, but if there were power in particular circumstances to exercise discretion, the exercise of it to establish such a general practice should be deemed an

---

[1] Whether it hurts a defendant's credit more to have a claim against it asserted in pleadings than to have the claim spread by word of mouth and rumor through the marts of trade may be argued.

abuse of discretion.[2] The practice marks off the federal courts, unfavorably I think, as courts where the ancient right of dismissal is acknowledged as existent in plaintiffs' favor, but instead of really affording the right protection, it is sacrificed by making its exercise cost the plaintiff, as in this case, several hundred times more than it would in courts generally, and by most unwisely and injudiciously shifting the burden of the strong onto the shoulders of the weak who have done nothing wrong.

This court's jurisdiction to issue its mandamus to strike out the conditions which have been imposed, as I think, without any lawful authority, seems clear to me under Ex Parte Skinner & Eddy Corporation, 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912.

[2] If there were only abuse of lawful discretion mandamus might not lie to correct it.