**WILSON v. JOLLY et al.**
**Civil Action No. 2646.**

District Court, N. D. Texas, Dallas Division.
Jan. 23, 1948.

Ney Wade, of Dallas, Tex., for plaintiff.

Lucian Touchstone, of Dallas, Tex., for defendants.

ATWELL, District Judge.

Plaintiff's suit is for more than $40,000 for alleged negligence. The defendants have prepared, at considerable expense, for trial. The case has been set for more than 45 days; witnesses and parties defendants are on their way from a distant state; depositions have been taken and attorneys have been employed. This morning, January 22nd, plaintiff presents a motion, filed by him on January 21st, asking the court to dismiss the action without prejudice. The Motion to Dismiss seems to exactly fit into subdivision (a)(2) of Rule 41, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This section provides that, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." This language is directed at such motions as do not come under classes of motions theretofore treated in different sections of the rule, and of Rule 23.

The defendants insist that they have been put to a large expense upon a cause that has no merit and are ready for the battle which they have been summoned into and they are ready for the settlement of the issue in that manner. They have not filed any cross-action. The court is without any information from the plaintiff as to why he is not ready to go forward. The defendants contend that the plaintiff has no suit and that the purpose of this one was merely to vex and harass the defendants.

The case of Federal Savings & Loan Insurance Corp. v. Reeves, by the Eighth Circuit, as reported in 148 F.2d 731, seems to be pretty well in line with the rule and with the facts of this case. The trial judge

there imposed the condition that the plaintiff should pay the defendant's attorney's fees and other expenses running more than $6,000. The plaintiff sought to mandamus the district judge and thereby require him to enter an order of dismissal without such penalties. A divided court declined to mandamus the district judge and announced that the rule gave him discretion to grant dismissal on the conditions which to him seemed to be appropriate. The dissenting judge thought that such a rule and such action would overturn a long period of a respected procedure with reference to the plaintiff's right to dismiss. Ex parte Skinner & Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912.

The draft of the amendments to the Rules of Civil Procedure which will probably be adopted during the next session of the Congress, does not include the language which the court quotes in Federal Savings & Loan Ins. Corp. v. Reeves, supra. That would seem to indicate that some attention was given to the wisdom of the dissenting judge and the discretion to fix the terms of the dismissal is limited and bounded by the custom which theretofore existed.

There has been no adjudication of the issue that the plaintiff raises between him and the defendants. The plaintiff asserts and the defendants deny. The defendants have prepared for the trial. A dismissal without a trial and without prejudice allows the plaintiff to file in some other court. The Rules of Civil Procedure take cognizance of a situation of that sort, but only if and when the plaintiff seeks to again dismiss without a trial. If the plaintiff's purpose is to harass and vex, then he could file a suit in the state court for an amount less than that which would warrant removal by the absent defendants to a national court.

The appropriate order, it seems to me, if made without prejudice, should be that it is without prejudice provided the plaintiff pays the court costs, together with witness fees which includes statutory mileage. If these conditions are met, then the dismissal is and shall be without prejudice.