**BLUE MOUNTAIN CONSTRUCTION COMPANY, a Corporation,**
Appellant,

v.

**H. C. WERNER and Tauf Charneski,**
Appellees.

**No. 16206.**

United States Court of Appeals
Ninth Circuit.

Aug. 19, 1959.

Rehearing Denied Sept. 21, 1959.

Healy, Circuit Judge, dissented.

Cashatt & Williams, Jerome Williams, Spokane, Wash., for appellant.

Norman B. Kobin, Leo Levenson, Portland, Or., for appellees.

Before HEALY, ORR and FEE, Circuit Judges.

ORR, Circuit Judge.

On the 4th day of April, 1958, appellant filed in the United States District Court of Oregon a complaint seeking damages for alleged breaches of three sub-contracts entered into with appellees.

On April 28, 1958, defendants served and filed their answer. No affirmative relief was sought.

On May 19, 1958, appellant moved for a dismissal of the action without prejudice under Rule 41(a) (2), F.R.Civ.P., 28 U.S.C.A.[1] No supporting affidavit was presented and no reasons were given for the dismissal. Appellee objected to the dismissal on the ground that appellee had "undertaken at considerable expense to go through this thing and prepare ourselves for our answer and also to prepare ourselves for trial."

■ The court denied the motion. Whether or not a dismissal will be granted is within the sound judicial discretion of the court. Ockert v. Union Barge Line Corp., 3 Cir., 1951, 190 F.2d 303; Rollison v. Washington National Ins. Co., 4 Cir., 1949, 176 F.2d 364. We think it follows that each case must be determined on its own particular facts. We find no abuse of discretion in the denial of this motion. There was no showing whatever in support of the motion. It was no more than a request. Counsel for appellants, other than the one making the first motion, evidently sensing the inadequacy of the showing made in support of said motion, on May 23, 1958 filed a second motion entitled "Motion for Reconsideration of and Renewing Plaintiff's Motion for a Voluntary Dismissal Without Prejudice pursuant to Rule 41(a) (2)." This motion was supported by an affidavit setting forth the reasons why the dismissal was desired. In essence the supporting affidavit stated: that plaintiff's attorney had erroneously concluded that the only forum available to appellants to obtain redress on its alleged causes of action was by an action in the United States District Court of Oregon, inasmuch as the appellees were residents of Oregon and could not be reached in a suit instituted in the state of Washington; that thereafter appellant's attorney determined that this theory was erroneous and further determined that his clients had a cause of action under the Miller Act, §§ 270a and 270b, 49 Stat. 793 (1935), 40 U.S.C.A. §§ 270a and 270b,[2] and that under the terms of said act an action under it could only be brought in the district court having jurisdiction of the area in which the work was performed, in this case the Eastern District of Washington. Thus we have appellant squarely representing to the trial court that their purpose in requesting a dismissal in the Oregon District was to enable them to institute an action in the Eastern District of Washington.

■ The trial court had before it this picture upon which to act in exercising its discretion whether to dismiss. The dismissal was desired in order to permit

1. Rule 41 (a) (2) provides that "except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * *"
Paragraph (1) of the subdivision provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."

2. "270a. Before any contract, exceeding $2,000 in amount, for the construction * * * of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds * * * (1) a performance bond * * * for the protection of the United States. (2) A payment bond * * * for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. * * *"
"270b. Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last act of labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount * * * unpaid at the time of institution of such suit * * *."

an action in the State of Washington because under appellant's theory a suit under the Miller Act, which they wished to bring, could only be brought where the contract was to be performed. According to appellees this is a debatable question because, as they argue, the requirement of the Miller Act relates only to venue,[3] *citing* Texas Construction Company v. United States, 5 Cir., 1956, 236 F.2d 138. That case does not depart from the established rule that a competent court could have jurisdiction of a case and try it where improper venue was laid only in the event the parties agreed. Of course the trial court here could not speculate as to whether the sureties would waive venue in the event they were made parties in the Oregon suit, nor did it try. However it nowhere appears that it was necessary to sue the sureties, no showing being made that the appellees are insolvent. Appellant's complaint alleges three causes of action, two based on breach of contract and one for reformation of contract.

The first cause of action was for damages for failure to complete the concrete lining of a tunnel in time. The second cause of action was also for failure to complete the concrete lining of a tunnel in time. The *third* cause of action was for reformation so as to include certain provisions for the method of lining the tunnels and a time element.

The Miller Act provides that the requirement of the bond shall be for insuring payment of all persons "supplying labor and material." (See note 2, supra). Appellees have argued that the causes of action alleged in the complaint in the Oregon Court could not have been brought under the Miller Act, hence the reasons given for dismissal had no validity. We expressly refrain from passing on this question. It is, we understand, before the District Court of Washington at this time. It should be noted, however, that the trial court in Oregon of-

fered to dismiss the action there founded, as we have said, on breach of contract and for a reformation without prejudice if appellant would agree not to sue on said causes of action in Washington. What if any effect such an agreement would have had on the future right to litigate said causes of action in Oregon we are unable to say.

As against this lack of showing on the part of appellant, the trial court was justified in turning to the other side of the coin. The defendants have been brought into court in the State of their residence, a matter of great convenience to them. We understand that their witnesses reside in that jurisdiction. To require them to pull up stakes and move to another state would entail considerable additional expenses of hotel accommodations for the litigants and witnesses and the trial court could reasonably conclude that appellees' lawyers would require additional fees and expenses to travel to a foreign state to try the case. It may be argued that appellees would have been subjected to these same expenses had appellant seen fit to sue in Washington in the first instance. That may be so, but we think that a court in exercising its discretion as to whether a dismissal for the express purpose of allowing a plaintiff to bring an action in a foreign state should be granted, is entitled to consider whether a plaintiff should be allowed to snatch from a defendant certain monetary advantages and conveniences which appellant has conferred by its voluntary act.

██ After the denial of their motion to dismiss, appellant informed the court that they refused to proceed further. Appellant took this position at its peril. If the trial court was in error in refusing to dismiss without prejudice appellant was on safe ground, but on the other hand, as we find there was no abuse of discretion then the subsequent action of the court in dismissing the action with

3. The part of § 270b in issue states "every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere. * * * "

prejudice for want of prosecution was proper.

The trial court set the case for pretrial conference on July 21, 1958. The matter came on for pre-trial conference on said date. No appearance was made for or on behalf of appellant. In view of the information given the court that appellant would not proceed further, it justifiably concluded that there was a failure to prosecute and dismissed the action with prejudice under Rule 17[4] of the Oregon District Court and Rule 41(b) F.R.Civ.P.[5]

Subsequent to the denial of the motion to dismiss and the later order of the trial court dismissing with prejudice, appellant endeavored to have this court by means of a Writ of Mandamus order the trial court to dismiss without prejudice. This court refused the Writ stating that in its opinion the trial court did not abuse its discretion. Later appellees endeavored to have this appeal dismissed on the ground that the refusal of the Writ of Mandamus controlled. A different panel of the court heard the motion to dismiss and denied it. This action in refusing to dismiss the appeal may have detracted from the controlling effect of the holding in the mandamus proceeding, but the finding by this court in the Mandamus action that the trial court did not abuse its discretion is at least persuasive.

Under the facts and circumstances presented, the judgment of dismissal with prejudice is affirmed.

JAMES ALGER FEE, Circuit Judge (concurring).

The trial court did not abuse its discretion in failing to permit dismissal after answer had been filed simply because counsel had changed his theory and believed he had a better chance to win in the federal court in Washington. The court had the right to consider the disadvantages arising to defendants by such action. This Court refused to issue a preliminary writ of mandamus upon the ground that discretion had not been abused but required appellant to go to trial in the action in Oregon.

Appellant continued to fence for advantage. After the mandamus proceeding had been dismissed, the trial court, by order dated May 19, 1958, set the case for formal pretrial conference on July 21, 1958. On July 17, appellant filed a motion where it declined to proceed further in the above action. The trial court dismissed the action with prejudice under Rule 17 of the Oregon District Court, which provides:

"All actions filed must be prosecuted with due diligence, and any action not so prosecuted may be dismissed for want of prosecution."

Irrespective of the question of abuse of discretion, the trial court had a right to dismiss the cause under this Rule because of the positive defiance of the order of the court setting the case for pretrial conference. All questions could have been raised at the pretrial conference, including that of the effect of an adjudication of this case upon the subsequent case which appellant had brought in the Eastern District of Washington.

The judgment of dismissal should be affirmed.

HEALY, Circuit Judge (dissenting).

I am not disposed to go along with my associates in this case. In my opinion the judgment below should be reversed.

4. "All actions filed must be prosecuted with due diligence, and any action not so prosecuted may be dismissed for want of prosecution."

5. "For failure of the plaintiff to prosecute or to comply with * * * any order of the court, a defendant may move for dismissal of an action or any complaint against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

Preliminarily, as the majority opinion has stated, appellant, on the 4th day of April, 1958, filed in the district court its complaint seeking damages for claimed breaches of contract. On April 28 following appellees served and filed an answer containing no counterclaim and asking no affirmative relief. On May 19 thereafter appellant, through its Oregon counsel, orally moved for a dismissal of the action without prejudice under Rule 41(a) (2), Federal Rules of Civil Procedure, which motion was denied by minute entry on the same day. In denying the motion, the court said: "The right to be sued in your own community is a valuable right. The motion is denied." Clearly, such is an advantage and a convenience, but appellees have no legal right to be sued in Oregon. The venue statute which is applicable in diversity actions, 28 U.S.C.A. § 1391(a), permits actions to be brought either in the district court where all defendants or all plaintiffs reside.

On May 23, appellant filed a motion for reconsideration and renewal of the earlier motion for voluntary dismissal without prejudice, pursuant to statute. The motion was supported by affidavit of a Mr. Jerome Williams, primary attorney for plaintiff residing in the state of Washington, giving an elaborate statement of his reasons for the motion. A hearing was held on this motion on June 16, 1958, and in the course of the proceedings Mr. Williams among other things stated: "And, as I said in the affidavit, I am personally prepared to meet any damages which your Honor feels are warranted in the situation." The motion was thereafter on the same day denied, without opinion. On August 4, 1958, the district court dismissed the action with prejudice.

It is my opinion that the trial court was obliged to allow appellant to dismiss without prejudice pursuant to the Rule and that in dismissing with prejudice the court abused its discretion under the particular facts of this case.

Rule 41(a) (2) provides that an action shall not be dismissed at plaintiff's instance after answer has been filed except under order of the court and upon such terms and conditions as the court deems proper. Plaintiff can not dismiss as a matter of right after service of answer; and in ruling on a motion to dismiss an action without prejudice after service of answer the court is obliged to exercise a sound judicial discretion. Consult Home Owners' Loan Corp. v. Huffman, 8 Cir., 134 F.2d 314, 316. But, in exercising its discretion, the court is obliged to recognize the rule which has long been followed in both law and equity, and which has traditionally allowed voluntary dismissals without prejudice after payment of defendant's costs in a situation where defendant will not suffer any legal prejudice beyond incidental annoyance of a second litigation on the same subject. Home Owners' Loan Corp. v. Huffman, supra. This rule, governing the exercise of a trial court's judicial discretion, was reiterated by the Supreme Court in the case of Cone v. West Virginia Pulp & Paper Co., 1947, 330 U.S. 212, 217, 67 S.Ct. 752, 755, 91 L.Ed. 849. There the Court observed: "Take the case where a trial court is about to direct a verdict because of failure of proof in a certain aspect of the case. At that time a litigant might know or have reason to believe that he could fill the crucial gap in the evidence. Traditionally, a plaintiff in such a dilemma has had an unqualified right, upon payments of costs, to take a nonsuit in order to file a new action after further preparation, unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit."

Barron & Holtzoff [1] in its discussion of the subject cites the Cone case and observes: "In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second law suit."

1. Barron & Holtzoff, Federal Practice and Procedure, Vol. 2, § 912, 1958 Pocket Parts.

The types of cases in which defendants would suffer "plain legal prejudice," thereby justifying refusal of a dismissal without prejudice, are set out in Moore's Federal Practice (2d Ed.), Vol. 5, at p. 1021, as: "Where defendant had filed its answer and had gone to great expense in preparation for trial; where answer showed that plaintiff's claim was barred by the statute of limitations; where the court had denied on undisputed facts an application for a preliminary injunction; where the action had long been pending and plaintiff had not been diligent; where plaintiff had no right to prosecute the action in her own name; where no sufficient reason was given for dismissal; where motion was made after defendant had moved for summary judgment and in order to bring another action in another state having a longer period of limitation; where plaintiff had amended complaint three times, had had a pretrial conference and had been served with answers to interrogatories; where the motion to dismiss was made after the close of plaintiff's case; where defendant was entitled to a directed verdict at the end of plaintiff's case; where a verdict for plaintiff was set aside and judgment rendered for defendant; where the action had been remanded after reversal upon appeal; and where 'to do otherwise would be an abuse of justice.'"

What burdens, one may ask, have appellees here borne which could not be adequately compensated by the imposition of terms and conditions? Here appellees had filed no counter claim and were asking no affirmative relief. Appellees had filed their answer only 22 days prior to appellant's motion for dismissal without prejudice pursuant to the Rules of Civil Procedure. No depositions or interrogatories had been taken or served. No witnesses had been transported to Oregon from distant places for trial. Indeed, the record shows that appellees had borne only the expense of answering, which burden could have been relieved by court order conditioning dismissal without prejudice.