**LENROOT, Chief of Children's Bureau, v. KEMP et al.**

**SAME v. HAZLEHURST MERCANTILE CO. et al.**

**Nos. 11361, 11357.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 21, 1946.

Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, of Washington, D. C., and Amzy B. Steed, Regional Atty., U. S. Dept. of Labor, of Birmingham, Ala., for appellant in each case.

Wm. Saunders Henley, of Hazlehurst, Miss., for appellees in both cases.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The Chief of the Children's Bureau, United States Department of Labor, sought in each of the cases here consolidated to enjoin the defendants from violating Section 15(a) (4) of the Fair Labor Stand-

ards Act.[1] From adverse judgments denying the injunctions and dismissing the suits complainant appealed. The sole question on the appeals is whether the trial court in denying the injunctions abused its discretion.

The defendants in each case operated vegetable packing sheds at Hazlehurst, Mississippi, at which they bought, then washed, sorted, crated, and packed cabbages and tomatoes for shipping in interstate commerce. The defendants in No. 11357 are corporations doing business as copartners under the name of Hazlehurst Mercantile Company; in No. 11361 they are four individuals doing business as copartners under the name of Kemp & Pitts. Each partnership, with full knowledge that its business came under the provisions of the child-labor section of the Fair Labor Standards Act, employed children under sixteen years of age and contrary to the terms of the statute and the regulations issued thereunder: Hazlehurst Mercantile Company, during the vegetable seasons in the years 1941, 1942, 1943, and 1944; and Kemp & Pitts, during the vegetable seasons in the years 1941 and 1943.

The minimum age for general employment of child labor under the Act is sixteen years. Children between the ages of fourteen and sixteen years in non-manufacturing and non-mining occupations and under restricted conditions may be employed pursuant to the regulations issued by the Chief of the Children's Bureau (child-labor Regulation No. 3). These regulations limit the work-day to eight hours and the work-week to forty hours, and required until May 14, 1943, with one exception, that all work must be performed between 7 a. m. and 7 p. m. On that date the regulations were amended to permit employment of minors between fourteen and sixteen years of age in the fruit and vegetable packing industry from 7 p. m. to 10 p. m. during the busy season. Under the Act and the regulations issued pursuant thereto either the employment of a minor under fourteen years of age or the employment of a minor between fourteen and sixteen years of age contrary to the regulations constitutes "oppressive child labor." The Act and the regulations require the employer, before hiring minors in the said age group, to obtain and have on file a certificate showing that the minor is above the minimum age for the occupation in which he is employed.

In October, 1940, a representative of the Children's Bureau explained to defendants the provisions of the Act relative to child labor, and pointed out the importance of obtaining age certificates. She also pro-

[1] The pertinent sections of the Act are as follows:

Section 3(l). "'Oppressive child labor' means a condition of employment under which (1) any employee under the age of sixteen years is employed by an employer (other than a parent or a person standing in place of a parent employing his own child or a child in his custody under the age of sixteen years in an occupation other than manufacturing or mining) in any occupation, * * *; but oppressive child labor shall not be deemed to exist by virtue of the employment in any occupation of any person with respect to whom the employer shall have on file an unexpired certificate issued and held pursuant to regulations of the Chief of the Children's Bureau certifying that such person is above the oppressive child-labor age. The Chief of the Children's Bureau shall provide by regulation or by order that the employment of employees between the ages of fourteen and sixteen years in occupations other than manufacturing and mining shall not be deemed to constitute oppressive child labor if and to the extent that the Chief of the Children's Bureau determines that such employment is confined to periods which will not interfere with their schooling and to conditions which will not interfere with their health and well-being."

Section 12(a). "After the expiration of one hundred and twenty days from the date of enactment of this Act, no producer, manufacturer, or dealer shall ship or deliver for shipment in commerce any goods produced in an establishment situated in the United States in or about which within thirty days prior or to the removal of such goods therefrom any oppressive child labor has been employed: * * *."

Section 15(a). "* * * it shall be unlawful for any person * * * (4) to violate any of the provisions of section 12."

Section 17. "The district courts of the United States and the United States courts of the Territories and possession shall have jurisdiction, for cause shown * * * to restrain violations of section 15." 29 U.S.C.A. §§ 203(l), 212(a), 215(a) (4), 217.

vided them with copies of the Act, of the child-labor Regulation No. 3, and of the explanatory release issued by the Bureau. When, however, the Bureau made an inspection of defendants' establishments in June, 1941, during the tomato-packing season, three minors under sixteen years were found illegally employed by Kemp & Pitts, two of them under fourteen years and all working after 7 p. m. Three minors, between fourteen and sixteen years of age, were found illegally employed by Hazlehurst Mercantile Company; all were working more than eight hours per day, in excess of forty hours per week, and beyond 7 p. m. In neither establishment were age certificates on file, and no efforts had been made to secure them. The inspector, both orally and in writing, again explained the requirements of the Act to defendants and pointed out that such employment of minors constituted a violation of the child-labor law. In December, 1941, complainant by letters to defendants again notified them of the violations found in the 1941 inspection.[2] In the letter to Kemp & Pitts she requested them to assure her by letter that the violation would not occur again. In the letter to Hazlehurst Mercantile Company, enclosing a copy of the Act and a digest of the child-labor provisions, she called attention to the fact that an employer could protect himself against violating the child-labor provisions of the Act by having on file an employment or age certificate for each minor employed, and to the address where such certificate could be obtained in Mississippi. In March, 1942,

---

[2] The letter to Hazlehurst Mercantile Co. is similar to the letter addressed to Kemp & Pitts, which is here set out in full.

December 11, 1941.
Re: Kemp & Pitts, Hazlehurst, Mississippi.
Mr. Louis Kemp,
Kemp & Pitts, Hazlehurst, Mississippi.
My Dear Mr. Kemp:
During the course of an investigation of your establishment made on June 26, 1941, and July 2, 1941, by a representative of the Children's Bureau, it was found that three minors under 16 years of age, as listed below, were engaged in the performance of duties in your establishment contrary to the standards of the child-labor provisions of the Fair Labor Standards Act.

Billy Wright, born April 18, 1928, was permitted to take up tickets from June 3, 1941, to June 26, 1941.

Virginia Catchings, born September 12, 1928, was permitted to keep a record of the boxes packed from June 12, 1941, to June 26, 1941.

Dan West, born September 21, 1926, was permitted to take up tickets from June 16, 1941, to June 26, 1941.

The minimum age established under the Fair Labor Standards Act is 16 years, except that minors 14 and 15 years of age may be employed if they perform no duties in work rooms or work place where goods are manufactured or otherwise processed and if the periods and conditions of employment conform to the provisions of Section 441.3 of Regulation No. 3, a copy of which is enclosed.

Section 12 of the Act prohibits shipment in interstate commerce of the products of any establishment if within 30 days prior to the removal of such products therefrom, minors below the minimum age have been employed. For willful violation a severe penalty may be imposed. Your attention is called to sections 3(l), 12(a), and 16(a) of the act, a copy of which is enclosed. For your information a digest of the child-labor provisions of the act is also enclosed.

An employer may protect himself against violating the child-labor provisions of the act by having on file an employment or age certificate of each minor employed or permitted to work in or about his establishment, certifying that the minor is above the minimum age for the occupation in which he is employed. In Mississippi, Federal certificates of age are issued by an agent of the Children's Bureau, 307 Medical Building, Jackson.

The previous record in our files shows that on October 1, 1940, you were visited by a representative of the Children's Bureau who explained the child-labor provisions of the Fair Labor Standards Act to you. The method of securing age certificates for young workers whom you might employ was also explained to you at that time. A copy of Regulation No. 3, which sets forth the conditions under which minors 14 and 15 years of age may be employed, was left with you.

According to the information in our files, it seems clear that you have shipped or delivered for shipment in interstate commerce some of the products of your establishment in violation of section 12(a) of the act. Since these violations have occurred after your responsibilities under the child-labor provisions of the Fair Labor Standards Act had been thor-

Kemp & Pitts wrote that they would comply with the child-labor provisions of the Act in the future, and during the 1942 vegetable season there was no evidence of any violations by them of the Act. But, an inspection of the Hazlehurst Mercantile Company packing shed in June, 1942, disclosed a minor under fourteen years employed and working beyond 10 p. m. Again in June, 1943, flagrant violations of the law were found in the packing sheds of each defendant: Twelve minors under sixteen years of age were found illegally employed by Kemp & Pitts, eight under fourteen years of age; twelve minors were found illegally employed by Hazlehurst Mercantile Company, three under fourteen years of age, six working more than eight hours per day, and three working in excess of forty hours per week. These suits followed. No inspection was made during the 1944 season, but testimony revealed that two minors were illegally employed by Hazlehurst Mercantile Company in the packing season of that year in the construction of vegetable crates and lugs.

The trial judge, in refusing the injunctions and dismissing the suits, said:

"The most difficult problem has been to determine if an injunction should issue. Ordinarily, the violations in this case have been such as would require the issuance of an injunction. However, having seen the defendants on the stand and in the courtroom, and knowing their general standing and reputation for substantial, outstanding citizens of the state, I cannot believe that these men will violate this law in the future. They are outstanding citizens of this state, civic leaders, ordinarily law-abiding, and I am thoroughly convinced that they will comply with this law, as well as all other laws, in the future. The legislation of the last few years has so changed the methods of business that businessmen in general were slow and reluctant to realize that they must change their methods of doing business. This Act of Congress is the law and will continue to be the law, in my judgment, in substantially its present form for the future, and businessmen must learn to abide by it. They must acquaint themselves with its provisions and obey it, whether they like it or not."

■ That the Chief of the Children's Bureau exhibited patience and forbearance in dealing with defendants and resorted to court action only after her efforts failed to obtain compliance may not be denied. Violations in 1941 followed her instructions and explanations of the law in 1940; more flagrant violations in 1943 followed her warnings in 1941 and 1942; it was obvious that only an injunction could have compelled obedience. The Act places the responsibility for its administration on the courts as well as on the Children's Bureau. The courts should not treat lightly this responsibility.[3] Congress passed the child-labor section of the Fair Labor Standards Act in the interest and for the welfare of the children of the country. The courts are charged, therefore, with the duty to enforce the national policy. The trial judge assigned as his reason for refusing the injunctions his knowledge of the general standing and reputation of defendants as substantial and outstanding citizens and his belief that they would not violate this law in the future. Even so, in the light of the facts, this is not a sufficient reason for denying the injunctions. A copartner in the Kemp & Pitts case and the manager of one of the corporate copartners in the Hazlehurst Mercantile Company case testified that they would comply with the child-labor law in the future; neither indicated what the attitude of his copartners would be; and neither referred to action, if any, taken or to be taken to insure against future infractions of the law. The law books abound in cases of law-violation by outstanding citizens, reputed by men generally (including judges) to be law-

oughly explained to you by our representative, we feel that you should give us some assurance that in the future no oppressive child labor will be employed in your establishment.

Please send a letter to this office at your earliest convenience telling us of your plans to assure compliance with the child-labor provisions of the Fair Labor Standards Act.

Sincerely yours,
BEATRICE McCONNELL,
Director, Industrial Division.

Copy sent to: Mr. W. K. Catchings, Mgr., Kemp & Pitts, Hazlehurst, Mississippi.
Enclosures.
cc: Baird Snyder,
Reg. W. & H. Ofc.
Mississippi Ofc.
Inspection file.
Ketchin.
Hatcher.
Clawson.

[3] Cf. Lenroot v. Interstate Bakeries Corp., 8 Cir., 146 F.2d 325.

abiding. The repeated, persistent, and deliberate violations by the defendants must be balanced against the reputation of which the trial judge spoke. Confronted with facts showing active violations, belief in a future course of law-observance, based merely upon the defendants' reputation of being law-abiding, is not enough. Lip service to a law, with a background of violations, does not guarantee future compliance.

██ The trial judge has broad discretion to grant or to refuse injunctive relief within certain limits. The refusal of injunctive relief in these cases, we cannot but conclude, transcended these limits.[4]

The judgments appealed from are reversed, and the causes are remanded with directions to grant the injunctions.

Reversed and remanded with directions.

---

[4] Home Owners' Loan Corp. v. Huffman, 8 Cir., 134 F.2d 314, cert. denied 316 U.S. 681, 62 S.Ct. 1268, 86 L.Ed. 1754; Weeks et al. v. Bareco Oil Co. et al., 7 Cir., 125 F.2d 84; In re A. Roth Co., Inc., 7 Cir., 125 F.2d 396.