George P. **SHULTZ**, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

Frank **SALINAS**, Defendant-Appellee.

No. 27535
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 25, 1969.

---

Edward D. Friedman, Acting Sol. of Labor, U. S. Dept. of Labor, Washington, D. C., Major J. Parmenter, Regional Director, U. S. Dept. of Labor, James E. White, Trial Atty., Dallas, Tex., Carin A. Clauss, Atty. Dept. of Labor, Washington, D. C., L. H. Silberman, Sol. of Labor, Bessie Margolin, Associate Sol., Le Roy Jahn, Attorneys, United States Department of Labor, Washington, D. C., for appellant.

Raul Villarreal, San Antonio, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

THORNBERRY, Circuit Judge:

The Secretary of Labor appeals from the denial of an injunction against future violations of the child labor provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.[1] The employer in this case, Frank Salinas, is a labor contractor engaged in supplying agricultural labor to farmers. The violations that gave rise to this action involved the use of children under the age of sixteen years during school hours as members of two work crews Salinas assigned to two farms located in Frankfort, Indiana for the harvesting of tomatoes and peaches. Without describing in detail the evidence in this case, it was ample to support the district court's findings that Salinas had violated the child labor provisions of the Act. As part of its case, the Secretary introduced evidence that a similar injunction suit was brought against Salinas on July 21, 1960, but was voluntarily dismissed pursuant to a stipulation in which

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804.

Salinas gave full assurance that he would not "employ any minor under sixteen years of age in agriculture during the hours in which school for the district where such minor is living is in session." Notwithstanding its finding that Salinas had violated the Act and without reference to Salinas' prior admitted violation and stipulation of compliance, the district court denied the Secretary's request for an injunction, giving as its reason "that there ha(d) been no wilful violation on the part of the Defendant" and "that it (was) not necessary to issue an injunction to require compliance in the future. * * *"

■ We reverse and remand with directions to issue the injunction. As this Court has often stated, whether an employer should be enjoined from violating the Fair Labor Standards Act lies within the sound judicial discretion of the trial court. Two factors that should be considered in determining whether an injunction should issue are the employer's previous actions of non-compliance and the dependability of its promises for future compliance. Goldberg v. Cockrell, 5th Cir. 1962, 303 F.2d 811. See also Wirtz v. Atlas Roofing Manufacturing Co., 5th Cir. 1967, 377 F.2d 112; Mitchell v. Hausman, 5th Cir. 1958, 261 F.2d 778. Also, the "personal belief of the trial judge that an employer will comply with the Act in the future may not be, in the light of the facts, a sufficient reason for denying an injunction." Lenroot v. Kemp, 5th Cir. 1946, 153 F.2d 153; Mitchell v. Hausman, supra.

■ The only steps taken by Salinas to comply with the Act in the instant case was to write letters to the crew chiefs informing them that children under sixteen could not legally work during school hours. He took no precautionary steps to see that the crew chiefs were following his instructions. There is no evidence that he inspected the farms where the crews worked. Nor did he check the records of production by the families involved to determine if the children under sixteen were working during school hours. Under the circumstances of this case, where there had been an admitted violation and stipulation of compliance, the letters were not the "effectual corrective procedures" that this this Court has repeatedly demanded. See Lenroot v. Interstate Bakeries Corp., 8th Cir. 1945, 146 F.2d 325, 328, cited with approval by this Court in Gulf King Shrimp Co. v. Wirtz, 5th Cir. 1969, 407 F.2d 508.

We search the record in vain for an expression of contrition on the part of Salinas for his repeated violation or any indication at all of an assurance that he will comply with the Act in the future. "In a growing line of cases in this Circuit, when an employer has committed a clear violation of the Act without valid excuse or explanation this Court has ruled that an injunction should be issued." Goldberg v. Cockrell, supra, 303 F.2d at 813; Wirtz v. Atlas Roofing Manufacturing Co., supra. This is especially true when the violations involved are against the child labor provisions of the Act. See Gulf King Shrimp Co. v. Wirtz, 5th Cir. 1969, 407 F.2d 508, 512.

Reversed and remanded with directions.