**James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

v.

**RICKY FASHIONS, INC., a corporation, and Jose Correa, Defendants-Appellees.**

No. 29523

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1970.

Rehearing Denied Dec. 11, 1970.

---

* Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

L. H. Silberman, Sol. of Labor, Bessie Margolin, Assoc. Sol., Carin Ann Clauss, Counsel, U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., Murray A. Battles, Atty., U. S. Dept. of Labor, Atlanta, Ga., for plaintiff-appellant.

John Duhig, Miami, Fla., for defendants-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

The Secretary of Labor appeals from a judgment, based on violations of the Fair Labor Standards Act, 29 U.S.C.A. 201 et seq., because of the district court's failure to determine and restrain the continued withholding of unpaid wages due certain former employees, and because the district court, although finding violations, declined to enter the injunction sought by the Secretary. We affirm that part of the judgment awarding unpaid wages to four former employees, but reverse for further proceedings as to the wage entitlements for the two former employees on whose behalf the Secretary sued and for the entry of an injunction as prayed.

This action was brought by the Secretary of Labor under Section 17 of the Fair Labor Standards Act to enjoin appellee Ricky Fashions, Inc., a Florida corporation engaged in the contract manufacture of women's dresses and wearing apparel, and appellee Jose Correa, its president and active manager, from violating the Act's minimum wage, overtime, record-keeping and shipping provisions, and from continuing to withhold unpaid wages due certain named employees. After a non-jury trial the district court found that Ricky Fashions had paid a number of its employees on a piece-rate basis; that several of these employees had been unable to earn the minimum wage; and that appellee, rather than making up the difference, had attempted to conceal the violations by reducing the number of hours recorded on the employees' time cards. Notwith-

standing its finding that appellees had violated the Act's minimum wage, record-keeping and shipping provisions, the court denied the Secretary's request for an injunction, giving as its reason that there was no evidence that defendants were currently violating the provisions. Moreover, although the court found that appellees had illegally withheld $180.70 from former employees Francisca Saniz, Luisa Leal, Josefina de Londono and Gisela Perez Lopez and entered an order restraining the continued withholding of the money, it declined to determine and restrain the continued withholding of unpaid wages due former employees Maria Sierra and Delores Nunez, reasoning that "the amount and extent of [their uncompensated] work could not be determined as a matter of just and reasonable inference."

■ It is well settled that an employer's current compliance with the Act's provisions is not a bar to injunctive relief.[1] Because the Secretary obviously cannot be expected to maintain a continuing watch over every past violator,[2] it is necessary, when determining the need for a prospective injunction, to consider, *inter alia*, the likelihood that violations will be resumed. In the case at bar, we are confronted with deliberate, willful violations, not inadvertent or technical ones. Indeed, appellees' response to two earlier investigations by the Department of Labor was not to comply with the Act but rather to resort to a system of record falsification. Yet we search the record in vain for an expression of contrition on the part of appellees or any indication of an assurance that they will comply with the Act in the future. "In a growing line of cases in this Circuit, when an employer has committed a clear violation of the Act without valid excuse or explanation this Court has ruled that an injunction should be issued."[3] An injunction, after all, " * * * subjects [an employer] to no penalty, to no hardship. [i]t requires [him] to do what the Act requires anyway—to comply with the law."[4] To assure compliance by appellees in the instant case, we believe a prospective injunction is required.

■ It is undisputed on this appeal that Maria Sierra and Delores Nunez performed work for Ricky Fashions for which they were not properly compensated. The district court, however, refused to grant them relief because it found that the amount and extent of the uncompensated work could not be determined as a matter of just and reasonable inference. This Court has held that where wage violations have been established there is " * * * a liability on the employer for *some* amount,"[5] and that "[d]ifficulty of ascertainment is no longer confused with right of recovery."[6] In the instant case the imprecision concerning Sierra's and Nunez's work hours resulted from appellees' deliberate falsification of the work records. When confronted with a similar situation the Supreme Court stated that "[t]he solu-

1. *See, e. g.*, Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29 (1944); Gulf King Shrimp Co. v. Wirtz, 5th Cir. 1969, 407 F.2d 508; Wirtz v. Atlas Roofing Manufacturing Co., 5th Cir. 1967, 377 F.2d 112; Mitchell v. Hausman, 5th Cir. 1958, 261 F.2d 778.

2. The Fair Labor Standards Act extends to over forty-six million employees and almost two million establishments. Less than four percent of these establishments can be investigated each year. *See* the Department of Labor's 1970 Report to Congress on "Minimum Wage and Maximum Hours Standards under the Fair Labor Standards Act" at 22–3.

3. Goldberg v. Cockrell, 5th Cir., 1962, 303 F.2d 811, 813; Schultz v. Salinas, 5th Cir. 1969, 416 F.2d 412, 414.

4. Mitchell v. Pidcock, 5th Cir. 1962, 299 F.2d 281, 287. *See also* Shultz v. Hinojosa, 5th Cir. 1970, 432 F.2d 259.

5. Mitchell v. Mitchell Truck Line, Inc., 5th Cir. 1961, 286 F.2d 721, 724.

6. Robey v. Sun Record Co., 5th Cir. 1957, 242 F.2d 684, 689–690.

**1264**

tion * * * is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." [7] Maria Sierra testified that she regularly worked forty or more hours a week and that her time cards, which indicated only one forty-hour work week, were incorrect. Delores Nunez testified that she worked from 8:00 a. m. to 4:30 p. m. five days a week, that she maintained this schedule for five weeks, and that her time cards, which indicated a weekly rate of between fourteen and twenty-five hours, were incorrect. Under the circumstances of this case we believe this evidence is sufficient to provide a basis for a reasonable determination of the unpaid wages due Maria Sierra and Delores Nunez. We think, however, that it would be improper for us to attempt here to determine the precise award; that is a matter for the initial judgment of the district court.

The judgment of the district court granting relief to Francisca Saniz, Luisa Leal, Josefina de Londono and Gisela Perez Lopez, is affirmed. The judgment denying relief to Maria Sierra and Delores Nunez and the judgment denying an injunction is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

---

7. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687–688, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946).