30 F.3d 135
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. WILLIAMS, Plaintiff-Appellant,
v.
Sandy PRETZER; James Zummer, Defendants-Appellees.
 No. 94-1086.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert E. Williams, a pro se Michigan prisoner, appeals district court orders granting summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the time of the events complained of, Williams was an inmate at the Standish Maximum Correctional Facility in Standish, Michigan. He filed his complaint against corrections officers Sandy Pretzer and James Zummer alleging: 1) that defendant Pretzer conspired to deprive Williams of his substantive due process rights by creating a false work evaluation designed to cause Williams to lose his job, and 2) that defendant Zummer violated Williams's procedural due process rights by not following the procedures set forth in PD-BCF-40.01. Williams sought declaratory, injunctive and monetary relief and sued the defendants in their individual capacities.
 
 
 3
 Defendants Zummer and Pretzer filed a motion for summary judgment on April 27, 1991, asserting that Williams's employment termination did not violate the Eighth Amendment, nor did it constitute a due process violation. Defendants also claimed that they are protected by qualified immunity. The matter was referred to a magistrate judge who issued a report recommending that defendant Zummer be dismissed from the case and that summary judgment be denied as to defendant Pretzer. The defendants filed objections to the report and recommendation on April 16, 1993. Williams did not file objections. The district court adopted the report and recommendation in an order entered May 14, 1993. On October 15, 1993, Williams filed motions for appointment of counsel and for discovery sanctions. Upon receiving those motions, the court reviewed the file and determined that summary judgment had been mistakenly denied as to defendant Pretzer. The court revisited defendant Pretzer's motion for summary judgment and determined that the evidence presented created no genuine issue of material fact and granted summary judgment in favor of defendant Pretzer in an order filed January 13, 1994, and judgment entered January 14, 1994.
 
 
 4
 Initially, we note that Williams has waived his right to appellate review of the magistrate judge's March 31, 1993, report and recommendation with respect to defendant Zummer. This court requires litigants to file objections to magistrate judge's reports and recommendations under 28 U.S.C. Sec. 636(b)(1)(c) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140 (1985); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Williams did not file any objections to the magistrate judge's March 31, 1993, report and recommendation. Accordingly, he is now barred from complaining further of any errors in that recommendation and the subsequent dismissal of the claim asserted against defendant Zummer. Only the January 14, 1994, summary judgment in favor of defendant Pretzer will be reviewed.
 
 
 5
 We also note that because Williams was transferred to a different prison subsequent to the filing of his complaint, his request for injunctive relief is now moot. See Secretary of Labor v. Burger King Corp., 955 F.2d 681, 685 (11th Cir.1992); Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir.1991) (per curiam).
 
 
 6
 Upon review, we conclude that summary judgment was proper as there is no genuine issue of material fact and defendant Pretzer is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 It is well settled that government officials may not retaliate against persons who have participated in constitutionally protected conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). In order to prevail on his substantive due process claim, Williams must establish that defendant Pretzer's actions, i.e., preparation of the negative work evaluation, constituted an "egregious abuse of governmental power" or that such actions otherwise "shocked the conscience." See id.
 
 
 8
 Williams's claim of retaliation is without merit. Even if the court concludes that Williams met his initial burden of showing retaliation, defendant Pretzer has presented evidence establishing that her negative evaluation of Williams's work performance would not have been different absent Williams's alleged complaints about Pretzer's conduct. As noted by the district court, the evidence presented by both parties shows that Williams was not terminated based on the work evaluation submitted by defendant Pretzer alone. Defendant Pretzer's evaluation of inadequate performance was corroborated by other administrative staff. Defendant Zummer, acting as classification director at the time of Williams's evaluation, considered written reports submitted by other corrections officers and spoke with several administrative staff members before terminating Williams for inadequate work performance on November 18, 1991. After termination, defendant Zummer interviewed Williams on November 19, 1991. In addition, a classification re-hearing was conducted on November 19, 1991, and Williams employed the grievance procedure regarding the termination. In the face of this evidence, Williams was required to present significant probative evidence in support of his complaint asserting this claim in order to defeat defendant Pretzer's motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Williams did not present any such evidence. Therefore, summary judgment was proper on this claim.
 
 
 9
 Finally, because Williams has failed to show that defendant Pretzer violated any of his established statutory or constitutional rights, summary judgment is also proper on the ground that defendant Pretzer is entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 10
 For the foregoing reasons, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.