35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HENRY, Plaintiff-Appellant,
v.
James POGATS; Jerry Hofbauer; Robin Theimann; Glenda
Reasoner; Clintone Maine; Ron Breslin; Matt Hensley;
D.J. Pallas; J. Ricoi; Marjorie Vanochten; Julie Pfaff;
Robert Brown, Jr.; John Jabe, Defendants-Appellees.
 No. 93-2462.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 James Henry, a pro se prisoner currently incarcerated at the Oaks Correctional Facility in Eastlake, Michigan, appeals the summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the time of the events complained of, Henry was an inmate at the Standish Maximum Correctional Facility (SMCF) in Standish, Michigan. He filed his civil rights action against several Michigan Department of Corrections officials and employees at SMCF on July 9, 1992, complaining of a strip search, false accusations and due process violations in major misconduct proceedings. Henry sued the defendants in their individual capacities and sought damages and equitable relief.
 
 
 3
 In an order dated October 19, 1992, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) as to defendants Pallas and Hofbauer. Thereafter, the remaining defendants filed their motion for summary judgment on January 19, 1993. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted. Despite Henry's objections, the district court adopted the report and recommendation in an order and judgment entered November 2, 1993. This appeal followed.
 
 
 4
 Initially, we note that because Henry was transferred to a different prison subsequent to the filing of his complaint, his request for equitable relief is now moot. See Secretary of Labor v. Burger King Corp., 955 F.2d 681, 685 (11th Cir.1992); Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir.1991) (per curiam).
 
 
 5
 We also note that Henry does not challenge the October 19, 1992, order dismissing the complaint against defendants Pallas and Hofbauer. Therefore, Henry's claims against these defendants are considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Only the November 2, 1993, judgment will be reviewed.
 
 
 6
 Upon review, we conclude that summary judgment was proper as there was no genuine issue as to any material fact and as the defendants were entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 A prisoner has no constitutionally protected immunity from being falsely accused. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). Where the prisoner is granted a hearing and is afforded the opportunity to rebut the charges against him, but is found guilty by the disciplinary board, the plaintiff suffers as a result of the finding of guilty, and not as a result of the filing of unfounded charges. Id. Henry does not deny that he received a hearing on the major misconducts, or that he was provided written notice of the charges, an opportunity to present his defense, and a written statement of the evidence and reasons for the discipline imposed. This is all the Constitution requires. See Wolff v. McDonnell, 418 U.S. 539, 561-66 (1974). Henry has failed to establish that defendants Maine, Breslin and Hensley violated his federally secured constitutional rights arising out of the 1989 misconduct charges. Even if defendant Hensley improperly refused to admit videotape evidence and witnesses' testimony sought by Henry, 104 days of good time credits were restored by the prison officials. This was sufficient to remedy any due process violation.
 
 
 8
 Summary judgment was proper to the extent that Henry complained that his right to privacy had been violated when he was forced to strip in the presence of a female guard. Henry did not show that the prison guards humiliated and degraded him; such allegations and evidence are necessary to establish a Fourth Amendment violation. See Kent v. Johnson, 821 F.2d 1220, 1226-27 (6th Cir.1987).
 
 
 9
 Summary judgment was proper to the extent that Henry claimed that the defendants failed to respond to his grievances. A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under Sec. 1983. Poe v. Haydon, 853 F.2d 418, 429 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989). In any event, Henry has not alleged an adequate claim in this regard as he has not alleged any acts by the defendants that "shock the conscience" or otherwise suggest an egregious abuse of governmental power. Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 281 (6th Cir.1987) (en banc).
 
 
 10
 Henry's remaining arguments on appeal are without merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.