47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derek DUPREE, Plaintiff-Appellant,
v.
Jack MORGAN; James Vandever; Janice Johnson; Brad Smythe;
Bobby Stephens, Associate Warden; Kirby, Captain;
Cannon, Officer; Bobby Dotson,
Defendants-Appellees.
 No. 94-5706.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1995.
 
 1
 Before: RYAN and SILER, Circuit Judges; and MILES, District Judge.*
 
 ORDER
 
 2
 Derek Dupree, a pro se Tennessee prisoner, appeals a district court judgment granting the defendants' motion for summary judgment in this civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In his complaint, Dupree sued the warden and associate warden of the Tennessee State Prison (TSP) in Nashville, Tennessee, several correctional officers at that facility, and a laboratory technician who conducts random drug tests at the facility pursuant to Tennessee Department of Corrections (TDC) policy. Dupree alleged that he was transferred out of an honor dorm at the TSP facility because he twice tested positive for use of marijuana during tests conducted at that prison on October 2, 1988, and on November 30, 1988. Dupree's principal complaint is that he was transferred out of the honor unit without justification because the drug testing allegedly did not satisfy due process requirements. The matter was referred to a magistrate judge, who issued a report and recommendation concluding that Dupree had no liberty interest in remaining free from transfer out of the honor unit. The magistrate judge also concluded that Dupree did not have a liberty interest in remaining free from drug testing in Tennessee prisons and that such testing is specifically authorized under Tenn. Code Ann. Sec. 41-1-120(1). The district court adopted this recommendation and granted the defendants' motion for summary judgment.
 
 
 4
 On appeal, Dupree makes the following arguments: 1) the district court failed to hear his case "altogether;" 2) the drug test that was administered in October of 1988 produced false positive results; and 3) Dupree should have been allowed to refute the test results by being provided with a written copy of those results. Dupree also moves this court for the appointment of counsel.
 
 
 5
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir. 1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993). Because Dupree is no longer housed at TSP, but has been transferred to the Northwest Correctional Facility, his request for injunctive and declaratory relief has been rendered moot. Secretary of Labor v. Burger King Corp., 955 F.2d 681, 685 (11th Cir. 1992); Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir. 1982). Therefore, only Dupree's claims for compensatory and punitive damages remain.
 
 
 6
 This court concludes that the magistrate judge properly found that Dupree has no inherent constitutional right to placement in any particular prison or in a particular section within the Tennessee prison system. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976). As the magistrate judge aptly observed, "while Dupree suffered a loss of highly desirable living conditions, that deprivation alone is insufficient to implicate a liberty interest." Moreover, the Tennessee statutes and regulations do not create a liberty interest by using language of a mandatory character that places specific substantive predicates on the prison officials' discretion that mandate a particular result if one of the predicates is met. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989). Thus, Dupree had no liberty interest in remaining within Unit 7, under the Constitution or under Tennessee state law.
 
 
 7
 Tennessee prison policy requiring removal of inmates from Unit 7 when they test positive for drug use while in that unit is reasonably related to legitimate penological interests and not an exaggerated response to valid prison concerns. Turner v. Safley, 482 U.S. 78, 84-91 (1987). Thus, Dupree's transfer out of Unit 7 as a result of the positive drug tests was reasonable and necessary to preserve internal order and discipline and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 8
 Accordingly, Dupree's motion for counsel is denied, and the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation